## (November 25, 1969)

■ GEORGE E. WATERMAN, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 40040.) —— HERLIHY, P. J. Appeal by the claimant from a judgment of the Court of Claims, entered January 12, 1965, insofar as the judgment denied an award for attorney's fees. The claimant, his wife and son were injured while traveling on the New York State Thruway. The claimant's attorney, Williams, caused claims to be filed and on November 22, 1960 judgments were entered in the Court of Claims awarding damages to the claimant and the others against the Thruway Authority. The Court of Claims stenographer lost the trial minutes and upon motion by the State, the Appellate Division, Fourth Department, vacated the judgment and directed a new trial because of such loss (13 A D 2d 619). Upon the new trial, Williams again secured judgment for the claimant and his family and collected payment for them on January 13, 1962. On January 18, 1962, Williams caused claims to be filed against the State on behalf of his clients and himself to recover damages suffered as a result of the loss of the original trial transcript. The Court of Claims dismissed the claims, but upon appeal the Appellate Division, Fourth Department, reinstated the ones on behalf of the appellant and his family, affirming, however, the dismissal of Williams' claim upon the ground that additional attorney's fees were properly a part of the clients' claims (*Williams* v. *State of New York,* 19 A D 2d 264, affd. 14 N Y 2d 793). Upon the trial of the instant claims the court found that there was no separate agreement, express or implied, between the appellant and Williams to pay additional fees in addition to the contingent fee paid to Williams based on the judgment. The claimant's legal expenses in prosecuting his tort claim based on the negligence of the stenographer may not be assessed as damages. (See Court of Claims Act, § 27; cf. *Terrace Hotel Co.* v. *State of New York,* 19 N Y 2d 526, 531.) Upon the present record it appears that the appellant and Williams actually had no precise agreement on fees until *after* the judgments were obtained on the second trial and paid, at which time one third of the judgments was paid to Williams. The attorney, Williams, testified that the fee taken was understood and agreed to be compensation only for the first trial. The appellant testified that he had a one-third contingency agreement with Williams for the first trial, but does not specify when such agreement was made. Williams also testified that the

one third he received covered " all charges that you would have made had you received the — had the judgments been paid the first time ". Regardless of the language used by the court, counsel and witnesses, it is apparent that the fee collected by Williams subsequent to the payment of the judgments against the Thruway Authority was not a " contingent fee ". Once having secured a judgment and its payment, there was nothing for the fee to be contingent to. Accordingly, the theory that because there was a contingent fee, therefore the attorney undertook to do all things leading to the ultimate recovery of funds cannot be relied upon in this case to support a finding that there was no additional liability on the part of appellant to Williams subsequent to paying one third of the recovery to Williams. Since the appellant accepted the assertion of his attorney that appellant owed him the further sum of $12,500 for services subsequent to the first trial, the question is whether or not the present record establishes any legal liability as between the appellant and Williams. The present record does not sustain such a claim and the reason therefor is set forth in a Court of Claims opinion where it was stated: " Were it possible for him [the attorney] to assert his own claim in this action this might be sufficient. However, here it must be shown that the claimants agreed to or somehow became obligated to pay additional compensation to their attorney for the second trial. We must determine from this record what, if any, the agreement between the claimants and their attorney was in respect to his services in connection with the second trial. Admittedly, there was no written agreement and on the record before us, we are unable to determine that there was an implied agreement between the claimants and their attorney to pay him any other or additional compensation in respect to the second trial over and above the one third of the amount recovered ". The only evidence in the record to the effect that the claimant Waterman did incur additional legal expense is the mere assertion at the trial by the claimant and his attorney. There is no testimony as to any agreement; no statement for services rendered or that upon an unsatisfactory verdict in the present action, the claimant would have been responsible for additional services. Credibility of the witnesses is for the trial court to decide and the weight to be attached to the conclusory assertion by the claimant depends entirely on his credibility. The court found this factual issue against the claimant and the record, when read in its entirety, supports such finding. Judgment affirmed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Herlihy, P. J.