■ STEWART S. WALL, Appellant, v. CHARLES BENNETT et al., Respondents. — *Per Curiam.* Appeal from an order of the Supreme Court, entered April 17, 1969, granting defendants' application to vacate a default judgment. Appellant obtained a judgment against one Rodriguez, who appellant alleges was employed by respondents. In due course appellant sent an income execution to the Ulster County Sheriff who served respondents. No payments were received. Appellant thereafter wrote two letters advising respondents of their liability. Again there was no reply. An action was then commenced by service of a summons and complaint upon respondent Charles Bennett individually, and upon respondent Charlie's Taxi Company, Inc., by serving Mildred Bennett, secretary of the corporation. Both respondents failed to answer or appear. The only affidavit submitted by a party defendant is that of respondent Charles Bennett. He concedes that a summons was served on him and the corporation. He maintains, however, that he lost them, and because of his age, i.e., 68, he was unable to remember the names of appellant's attorney's. It is further alleged that neither of the respondents is indebted in any sum to the appellant. Our courts take a liberal approach in relieving a party from a default judgment and allow him his day in court. The power is discretionary and the court must be permitted some latitude in applying the appropriate rules to the facts in the particular case. (5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5015.02.) Two conditions must be met, however, in order for the defaulting party to prevail: (1) he must show a valid excuse and the absence of willfulness, and (2) he must show a meritorious defense which is not established by allegations in conclusory form. (*Community Nat. Bank* v. *Mon-Ami Corp.*, 23 A D 2d 511; *Investment Corp. of Philadelphia* v. *Spector*, 12 A D 2d 911.) Respondent Bennett's explanation does not inure to the benefit of the corporation. Mildred Bennett, the officer served on behalf of the corporation, offered no explanation for the default of the corporation. This, in itself, necessitates a reversal as far as the corporation is concerned. As to a meritorious defense, the respondent Charles Bennett has merely alleged that neither he nor the corporation is indebted to the appellant. There is nothing in respondent Bennett's affidavit indicating his relationship with the corporation, and it is executed by him individually. Again, there should have been some proof on behalf of the corporation of this defense. Moreover, the supporting affidavits submitted by Bennett and his attorney set forth no facts to establish this defense. In our opinion, the papers before Special Term were insufficient to justify the court's granting of the motion to open the default. (See *Roach* v. *County of Albany*, 30 A D 2d 885; *Hurley* v. *Reoux*, 29 A D 2d 789.) Order reversed, on the law

and the facts, with costs, without prejudice to renewal of defendants' motion upon proper papers. Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur in memorandum Per Curiam.