■ ANDREW M. FUSCO, Appellant, v EDWARD A. MALCOLM, Respondent. —Appeal from an order of the Supreme Court at Special Term, entered April 22, 1975 in Schenectady County, which vacated a default judgment taken by the plaintiff against the defendant. Plaintiff and defendant were partners in the operation of a bar and restaurant business, and plaintiff commenced this action for an accounting and for damages suffered by reason of an alleged breach of a fiduciary duty. Service of the summons and complaint was completed on November 25, 1974. On January 22, 1975 a

default judgment was entered against the defendant and a hearing scheduled for the ascertainment of damages. On January 23, 1975 the defendant, some 29 days late, served an answer, but the plaintiff refused to accept it. Defendant then immediately moved to vacate the judgment and plaintiff now appeals from the order of Special Term which granted the motion. The rules providing entitlement to relief upon an application to open a default judgment require a showing of a valid excuse and the absence of willfulness and a meritorious defense *(Wall v Bennett,* 33 AD2d 827). However, because an opportunity to defend and a final disposition on the merits are most desirable, the Trial Judges are permitted some latitude in applying the appropriate rules to a particular case, and liberal construction is called for (see 5 Weinstein-Korn-Miller, NY Civ Prac, par 5015.02). In the case at bar, a prima facie meritorious defense is established by legally sufficient affidavits and answer and no willful default is claimed, so we are left with the question of whether Special Term erred in finding a valid excuse. The excuse may be fairly designated as a law office failure and generally law office failures do not constitute a valid excuse. We note, however, that the length of the delay was not overly long, no undue prejudice resulted to this plaintiff, and the defendant moved expeditiously to vacate the default. Under the circumstances presented by this case, we find that Special Term's opening of the default was a proper exercise of its discretion and its determination should not be disturbed *(Jolicoeur v Clinton Co-op. Ins. Co.,* 50 AD2d 621; *Callahan Hydraulics v Mechanical Man Car Wash Mfg. Co.,* 43 AD2d 896). Order affirmed, without costs. Greenblott, J. P., Sweeney, Koreman, Main and Reynolds, JJ., concur.