■ FLORENCE COHEN et al., Respondents, v PAUL LEVY, Appellant, et al., Defendants.—Appeal from an order of the Supreme Court at Special Term, entered March 13, 1975 in Sullivan County, which denied a motion (1) to open and set aside a default judgment of foreclosure, (2) to set aside a referee's deed, (3) to order restitution of rents collected, (4) to direct a trial on a claim of usury on the part of the plaintiffs, and (5) granted a motion to dismiss defendant Levy's complaint served on November 29, 1974. On June 2, 1972 defendant Levy executed and delivered a $5,500 mortgage to plaintiffs on defendant's property in Monticello, New York, in consideration of plaintiffs' loan to defendant in the same amount. The entire sum, with 7½% interest, was to be repaid on June 1, 1973. Upon defendant's default, plaintiffs duly entered a default judgment on December 28, 1973. This application was made on October 29, 1974 and defendant instituted an action seeking identical relief one month later. Defendant raises numerous defenses, none of which has merit. In order to obtain relief from a default judgment the defaulting party must show (1) a valid excuse and the absence of willfulness and (2) a meritorious defense which is not established by allegations in conclusory form *(Harris v Harris,* 35 AD2d 894). The power to

open a default lies largely within the discretion of the court, which must be permitted some latitude in applying the appropriate rules to the facts of any given case *(Wall v Bennett,* 33 AD2d 827). We agree with the conclusion of Special Term that defendant has proved neither excuse nor meritorious defense. Defendant claims that his default was not deliberate, but rather was the result of his attorney's malpractice in that the attorney he hired to answer the summons and complaint failed to act. There is ample documentary evidence to support the conclusion of Special Term, and the contention of the attorney, that this first attorney was hired for the sole, limited purpose of negotiating a settlement. Additionally, the conclusion of Special Term that the default was deliberate is supported by defendant's failure to carry fire insurance or pay taxes as provided in the mortgage. Defendant objects to the validity of the service upon him. He was served by substituted service under CPLR 308 (subd 2). According to the affidavit of service, the summons was served on August 1, 1973 upon a woman identified as Mrs. "Paul" Levy at 416 East 53rd Street, Brooklyn, New York. Although the defendant claims that on said date his actual residence was the mortgaged premises in Monticello, he does not deny that the Brooklyn address is the home of his parents and his home much of the time. His claim that he resided in Monticello from April, 1973 to November, 1973 is belied by his listing of the Brooklyn residence upon a summons, commencing an action against plaintiffs for usury, some two months after he alleges to have established his residence in Monticello. Although defendant Paul Levy is unmarried, there is ample evidence on this record from which Special Term could have properly concluded that defendant resided at the address where service was effected, that service was made upon a person of suitable age and discretion, i.e., defendant's mother, and that defendant had actual notice of the service. We find no showing of a jurisdictional defect as a result of the manner of service. Defendant's remaining contentions have even less merit. His claim of usury, based upon an allegation that he received only $4,400 and was obligated to repay $5,500. is contradicted by the documentary evidence of checks totaling $5,500 endorsed by defendant. There is ample evidence to justify the rejection by Special Term of defendant's claims that he was a victim of a breach of fiduciary duty or that the property was sold for a price so disproportionate to its market value that the deed should be set aside. Order affirmed, with costs. Herlihy, P. J., Sweeney, Koreman, Main and Larkin, JJ., concur.