■ FLOYD B. KEITH, JR., Individually and as Administrator of the Estate of F. ELIZABETH KEITH, Deceased, Respondent, v NEW YORK STATE TEACHERS' RETIREMENT SYSTEM, Appellant.—Appeal from an order of the Supreme Court at Special Term, entered December 31, 1975 in Delaware County, which granted a motion by the plaintiff for default judgment, denied defendant's motion for an extension of time within which to serve an answer and directed an inquest. In the underlying action, plaintiff sued to obtain certain retirement benefits which would have been payable if the

plaintiff's decedent (his wife) had selected one of the optional requirement allowances rather than the no option provision in her retirement application. The original complaint, in three causes of action, sought (1) rescission of the contract, (2) reformation of the contract and (3) revocation of the contract because of her mental incapacity and incompetency at the time the initial option was selected. Defendant attacked the complaint and in this court the first and second causes of action were dismissed, but the third cause of action in regard to revocation because of incapacity and incompetency was sustained *(Keith v New York State Teachers' Retirement System,* 46 AD2d 938, mot for lv to app den 36 NY2d 731). After leave to appeal to the Court of Appeals was denied, the order of the Court of Appeals with notice of entry was served on the defendant on April 9, 1975. On September 19, 1975, the defendant attempted to serve an answer which was rejected. Plaintiff moved for default judgment on October 14, 1975 and the defendant cross-moved for an order granting an extension of time within which to serve an answer under CPLR 2004. The trial court granted the motion for a default judgment (CPLR 3215) and, in considering the defendant's cross motion, stated "this Court is of the opinion that regardless of whether this is treated as a motion to extend the time to answer or whether it is treated as a motion to excuse a default, the defendant must show a valid excuse for the default". Special Term found that the excuse offered came within the purview of cases which can be classified as "law office failure". The cross motion of the defendant to extend its time to answer was denied and the case was scheduled for inquest. At the inquest the defendant was allowed to participate to the extent of cross-examining the plaintiff's doctor in regard to the competency and mental state of the plaintiff's intestate at the time in question. Although the defendant couches its motion as one to extend its time to answer (CPLR 2004), such an application must be made prior to the expiration of the original time to answer. After such time has expired, one cannot avoid the consequence of being in default by moving for an extension of time, and the proper procedure is to move to open the default *(Ornstein v Goldberg,* 226 App Div 746; 2A Weinstein-Korn-Miller, NY Civ Prac, par 2004.06). Special Term treated the application as a motion to open a default and, in such instance, in order for the defaulting party to prevail, he must show a valid excuse and a meritorious defense *(Wall v Bennett,* 33 AD2d 827). We agree with Special Term that the allegations of the defendant setting forth the reasons for its omission to serve the answer come under the heading of "law office failure" and, as such, are insufficient *(Sortino v Fisher,* 20 AD2d 25; *Moshman v City of New York,* 3 AD2d 822). In addition, a motion such as this is addressed to the discretion of the court *(Fusco v Malcolm,* 50 AD2d 685). Although in general a final disposition on the merits is desirable, we note here that the plaintiff's doctor, upon whose testimony the question of the competency or mental capacity of the plaintiff's intestate rests, died since his testimony at the inquest. The defendant cross-examined the doctor at the inquest and his testimony was perpetuated, but it is also true that the amount and extent of the direct examination on an inquest is less than that on a full plenary trial. Plaintiff thus may very well be unduly prejudiced by an opening of the default *(Jolicoeur v Clinton Co-op. Ins. Co. of Wadhams,* 50 AD2d 621). Under such circumstances, we cannot say that the decision of Special Term was an improvident exercise of its discretion. Order affirmed, without costs. Koreman, P. J., Sweeney, Kane, Mahoney and Larkin, JJ., concur.