■  GWENDOLYN REED, Appellant, v GRACE S. CONE et al., Respondents.— Appeal from an order of the Supreme Court at Special Term, entered March 4, 1977 in Albany County, which denied plaintiff's motion to vacate a prior order dismissing the complaint. This action was brought to recover for personal injuries allegedly sustained by plaintiff as the result of an automo-

bile accident. Defendant Cone, the operator of the vehicle in which plaintiff was a passenger at the time of the accident, moved for summary judgment on the ground that the plaintiff had not sustained a "serious injury" as defined by subdivision 4 of section 671 of the Insurance Law. Although opposing papers were served upon defendant Cone's attorneys, those papers were not furnished to the court nor was there an appearance by plaintiff on the return date. An order granting summary judgment dismissing the complaint was entered by default. On the application which resulted in the order which is the subject of this appeal plaintiff moved, pursuant to CPLR 2221, to vacate the said prior order upon the ground that the default was excusable and because there were valid and meritorious defenses to the motion for summary judgment. Plaintiff's only argument on this appeal is that expenses for physical therapy performed by her physician and hospital expenses for such treatment were includable in the $500 threshold (Insurance Law, former § 671, subd 4, par [b]). This court has held that such expenses were not includable even when the services were performed in a hospital (Sanders v Rickard, 51 AD2d 260). The reasoning of Sanders is no less applicable when, as in the instant case, the services were actually performed by a physician (see Geblein v Arida, 55 AD2d 1048). Since plaintiff's attending physician, as noted by Special Term, certified that plaintiff's injury would not result in permanent disfigurement or disability (Insurance Law, former § 671, subd 4, par [a]), plaintiff has failed to demonstrate a meritorious cause of action. Additionally, it should be noted that plaintiff's only justification for the default was law office failure. It is well established that this reason, without more, is insufficient to excuse a default. Order affirmed, with costs. Kane, J. P., Staley, Jr., Main, Larkin and Mikoll, JJ., concur.