In the Matter of HANOVER SAND AND GRAVEL, INC., Respondent, v NEW YORK STATE THRUWAY AUTHORITY, Appellant, and COUNTRY SIDE SAND & GRAVEL, INC., Intervenor-Appellant.—Appeals (1) from an order of the Supreme Court at Special Term, entered March 6, 1978 in Albany County, which denied appellant's motion to vacate a default judgment entered against it on January 16, 1978, and denied as academic the motion of the proposed intervenor to intervene in the action, and (2) from the judgment entered January 16, 1978 which denied appellant's permission to serve its answer, and awarded the contract to petitioner. Petitioner commenced this proceeding, pursuant to CPLR article 78, to obtain a judgment directing that it be awarded certain contracts for winter road abrasives for the contract period October 1, 1977 through September 30, 1978 by an order to show cause signed by Mr. Justice James Kane, in the City of Buffalo, County of Erie, on December 16, 1977, and returnable at Special Term, Albany County, on December 23, 1977. A provision of the order required appellant to deliver its answering papers to petitioner's attorneys no later than 4:00 P.M. on December 21, 1977. The order also provided that a copy of the order, petition and affidavits be served upon appellant by service upon the office of division engineer at division headquarters, Walden Avenue, Buffalo, New York, and upon the New York Attorney-General's office on or before the close of business on December 16, 1977, and that such service be deemed due and sufficient service. Service was made in accordance with the order at 2:00 P.M. on Friday, December 16, 1977. On Tuesday, December 20, 1977, the attorney for petitioner was advised by Assistant Attorney-General Eugene Panfil of the Buffalo office that he had called Mr. Justice Kane to modify the time limit set for delivering answering papers, but Mr. Justice Kane had refused. On December 20, 1977 at 3:15 P.M., the case was assigned to Assistant Attorney-General Robert Mulig at the Albany office who apparently was not aware of the request made to Mr. Justice Kane for modification of the order, although Assistant Attorney-General Peretta of the same office had requested Mr. Panfil to contact Mr. Justice Kane. On December 20, 1977, Assistant Attorney-General Robert Mulig obtained an ex parte order from Mr. Justice Edward S. Conway setting aside the return date for answering papers. When the case was called for argument on the return date, December 23, 1977, before Mr. Justice Harold Hughes, appellant attemted to serve the answering papers which were refused on the ground that they were untimely. Upon argument, petitioner learned for the first time of Mr. Justice Conway's order. After argument, Special Term determined that Mr. Justice Conway's order was a nullity in that it had been made without notice as required by CPLR 2221 (subd 2). Appellant then orally moved for leave to serve the answering papers. This motion was denied on the ground that Special Term did not have the power to modify the order of Mr. Justice Kane. On December 27, 1977, Special Term determined that petitioner was entitled to the relief requested in the petition, and granted the petition to the extent that judgment be entered enjoining the award of the subject contracts to other bidders and/or vacating any awards that appellant may have made for the subject delivery points; declaring that the refusal to award petitioner the three subject contracts was arbitrary and capricious, and contrary to law; and directing

that the contracts be awarded to petitioner. Judgment was entered on January 16, 1978 pursuant to Special Term's decision. On January 25, 1978, appellant obtained an order to show cause, returnable at Special Term, Ulster County, on February 3, 1978, why an order should not be made vacating, setting aside and relieving it from the default judgment, and permitting it to serve its answering papers. On January 26, 1978, the Attorney-General's office mailed a copy of the order to show cause, dated January 25, 1978, and copies of the related papers to the proposed intervenor. This letter was received on January 30, 1978, and, for the first time, the proposed intervenor became aware of the attack being made upon its bid and the contract which had been awarded to it on October 19, 1977, which was three days after commencement of the CPLR article 78 proceeding. It should be noted that the order to show cause commencing the proceeding did not contain a provision staying the award of a contract. On the return date, February 3, 1978, Country Side Sand & Gravel, Inc., the proposed intervenor, moved to intervene in the proceeding. On February 9, 1978, Special Term denied the motion to open the default stating: "The failure of [appellant's] attorneys to serve those papers was due, when all verbiage is cut away, to a law office failure which the [appellant's] attorneys could have avoided. Instead they chose to attempt to circumvent Judge Kane's order. This court finds such conduct inexcusable. A 'law office failure' generally will not be acceptable to the courts to support a conclusion that a default was excusable and this is especially true when the failure is deliberate". The motion to intervene was also denied as academic. CPLR 5015 provides that a "court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person with such notice as the court may direct, upon the ground of: 1. excusable default, if such motion is made within one year after service of a copy of the judgment or order with written notice of its entry upon the moving party". In order to prevail on an application to vacate a default judgment, the defaulting party must show: (1) a valid excuse, (2) the absence of willfulness, and (3) a meritorious defense (*Wall v Bennett*, 33 AD2d 827). Nothing herein establishes that the default was deliberate or willful, in the strict sense of these words. Appellant relied upon an order of the court extending the time to answer. The fact that this order was subsequently determined to be a nullity does not establish deliberateness or willfulness. The fact that the Assistant Attorney-General failed to serve notice of the application for the order, or failed to check the appropriate statute to ascertain whether notice was required, is more in the nature of oversight or inadvertence than law office failure. Whether a failure is characterized as oversight, inadvertence or law office failure, the courts have vacated a default when the default is not willful; no real prejudice has resulted to the other party; the length of delay was not overly long; and the defaulting party moved expeditiously to vacate the default (*D. M. G. Constr. Corp. v Marcello*, 55 AD2d 670; *Fusco v Malcolm*, 50 AD2d 685; cf. *Matter of Abrams v Kern*, 35 AD2d 971). In addition, the proposed answer and moving affidavits establish a meritorious defense. The instant matter fell within appellant's discretion "to make contracts, and to execute all instruments necessary or convenient" to carry out its purposes (Public Authorities Law, § 354, subd 7). Consequently, so long as the exercise of discretion "possessed a rational basis it is beyond judicial review" (*Matter of Hanover Sand & Gravel v New York Thruway Auth.*, 65 AD2d 860). The record clearly documents the fact that an independent testing lab determined that petitioner's material did not meet bid specifications with regard to the gradation requirement. The Department of

Transportation's subsequent test approving petitioner's product does not deprive the appellant's action of a rational basis. We find that Special Term's denial of the motion to open the default was an improvident exercise of discretion, and its order should be reversed. The order denying the motion of the proposed intervenor to intervene should also be reversed. Moreover, in our view the circumstances presented do not merit a finding that appellant had acted without a rational foundation, therefore, the petition should be dismissed. Appellant's appeal from the judgment entered January 16, 1978 is dismissed since no appeal lies from a judgment entered on default in answering *(Matter of Abrams v Kern,* 35 AD2d 971, *supra).* Order which denied motion to vacate default judgment and denied motion to intervene reversed, on the law and the facts, without costs, and petition dismissed without costs. Appeal from judgment entered January 16, 1978 dismissed, without costs. Sweeney, J. P., Kane and Staley, Jr., JJ., concur; Mikoll and Herlihy, JJ., dissent and vote to affirm in the following memorandum by Herlihy, J. Herlihy, J. (dissenting). The majority holds that upon the present record it was an abuse of discretion for Special Term to deny the appellant's motions seeking permission to serve an answer and to vacate a default judgment. Special Term has set forth in detail the reasons for its refusal to accept a late service of papers and to vacate the judgment. That time was of the essence to a reasonably effective resolution of the merits of the proceeding is not suggestive of arbitrariness, and Special Term's construction of the acts of the appellant as constituting "dilatory tactics" is not patently capricious. Special Term did equate the default to a law office failure, but certainly the failure was one of not acting promptly and *not* one of mere inadvertence or oversight. It is the Trial Terms and Special Terms that must primarily deal with the realities of practice and when it appears that timeliness involves more than simple adherence to a framework for paperwork, the tests of excusable default and willfulness are not adequate. The time element in this particular case was prima facie for the purpose of assisting in an effective resolution of the lawsuit and, accordingly, we do not find any abuse of discretion. The denials of the motions should be affirmed.