■ JUDITH L. BISHOP et al., Respondents, v ROBERT J. GALASSO et al., Appellants, et al., Defendant.—Appeal from an order of the Supreme Court at Special Term, entered July 20, 1977 in Albany County, which denied defendants' motion to vacate and set aside a default judgment. Plaintiffs brought an action under section 11-101 of the General Obligations Law (the Dram Shop Act) against the defendants for injuries sustained by them in a collision with a vehicle operated by a Mr. Palmer who had left the Village Inn, which was operated by the defendants, some 30 minutes before the accident. The defendants defaulted in the action and on March 30, 1976 judgment was entered awarding plaintiffs $145,000 against the defendants. A motion to open the default was brought on May 27, 1977. Defendant, Robert Galasso, sought to vacate the judgment on the ground of excusable neglect and defendant Dorothy Galasso on the ground of lack of service of process on her. Both defendants state they have a meritorious defense to the action in that Mr. Palmer while at the Village Inn did not appear to be intoxicated. In order to be relieved of a default, the moving party must assert facts constituting a meritorious defense, a valid excuse for the default and the absence of willfulness (Cohen v Levy, 50 AD2d 1039). The power to open a default judgment lies largely within the discretion of the court. Courts are generally liberal in opening defaults. The law favors the resolution of cases on the merits (Capellino Abattoir, Inc. v Lieberman, 59 AD2d 986). Mr. Galasso's excuse for the default is that he was depressed because of his father's death and this affected the handling of his business affairs. Mrs. Galasso alleges that she did not receive notice of the action because it was served on her husband at the Village Inn and a copy sent to her last known address. She no longer lived at that address nor was she involved in the operation of the Inn because of marital difficulties. She alleges that her husband never advised her of the pendency of the action. We accept the validity of the excuses offered by both defendants as valid. There is no indication that their default was either deliberate or intentional and they moved quickly to open it upon hearing of its entry. We pass now to the issue of whether defendants have a meritorious defense as would excuse their default. Upon this record we find that the defendants have demonstrated that they can establish a meritorious defense to this action. Issues of fact are created in the affidavits submitted on behalf of the opposing parties. Furthermore, serious questions of credibility are presented. The barmaid, who entered a guilty plea on May 16, 1975, retracted her plea of guilty and flatly stated that Mr. Palmer at no time appeared intoxicated or under the influence of alcohol in the Village Inn between 4:00 P.M. and 5:00 P.M. on May 8, 1975. She also stated that she served him only two mixed drinks, one of which he did not finish. Special Term relies heavily on the affidavit of Palmer, but, his accuracy is certainly suspect from his own vague description of what he supposedly drank on that occasion. The record is barren of any admissible evidence that Palmer was intoxicated at the time he was in the Village Inn, other than the remark in his affidavit that "I cannot remember because I was drunk". Yet, even here, Palmer did not say he was drunk at the time he was served in the restaurant. The version of the facts offered by defendants, if established at trial and believed by the trier of the facts, would defeat the plaintiffs' cause of action. Defendants, therefore, are entitled to have the default judgment entered against them reopened and to defend the action on the merits. Order reversed, on the law and the facts, without costs; motion to vacate default judgment granted with defendants directed to serve their answer within 30 days after service of the order to be

entered hereon and with the default judgment to stand as security. Sweeney, J. P., Staley, Jr., Main and Mikoll, JJ., concur; Larkin, J., not taking part.