■ S. WEINER FURNITURE Co., INC., Respondent, v DOLPHIN EQUIPMENT LEASING CORPORATION et al., Appellants.—Appeal from an order of the Supreme Court at Special Term, entered March 1, 1978 in Sullivan County,

which denied defendants' application to vacate a default judgment. In 1974 plaintiff advanced $4,680 to defendant Dolphin Equipment Leasing Corporation (Dolphin) in connection with a proposed lease between Dolphin and one Brickman House, Inc. However, the proposed lease was never executed or performed by Dolphin and in March of 1976 plaintiff commenced an action by service of a summons with notice to recover the $4,680 "deposit", with interest thereon from June of 1975. A notice of appearance was never interposed, and, consequently, a default judgment was entered against Dolphin on August 11, 1976. Plaintiff then issued a property execution against Dolphin on or about November 25, 1977, and shortly thereafter defendants moved by an order to show cause to vacate the default judgment. Special Term denied the application and this appeal ensued. A party who seeks relief from a default judgment pursuant to CPLR 5015 (subd [a]) must show a valid excuse for the default and the existence of a meritorious defense *(Wall v Bennett,* 33 AD2d 827). The affidavit of defendant Shaw, a principal officer of Dolphin and a law school graduate, stating that he was unaware of the consequences of court proceedings and of any defenses to the underlying action is inadequate to excuse the default (see *John Malasky, Inc. v Mayone,* 54 AD2d 1059, 1060). Secondly, since the affidavit and proposed answer submitted by defendants are in conclusory form, and are devoid of facts which would support their denials and defenses, a meritorious defense has not been established *(Decapua v Morrissey,* 60 AD2d 754; *Wall v Bennett, supra; Investment Corp. of Philadelphia v Spector,* 12 AD2d 911). Order affirmed, with costs. Greenblott, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.