■ ROBERT FRANKEL, Respondent-Appellant, v MIMI FRANKEL, Appellant-Respondent.—In a divorce action (1) the defendant wife appeals, as limited by her brief, on the ground of inadequacy, from so much of an order of the Supreme Court, Nassau County, dated August 29, 1977, as awarded her alimony, *pendente lite,* of $250 per week, child support of $150 per week and a counsel fee of $2,000 and (2) (a) the plaintiff appeals from so much of a further order of the same court, entered May 11, 1978, as (i) granted defendant leave to interpose a jury demand and to serve an amended answer and (ii) denied his motion for a protective order and (b) the defendant cross-appeals from so much of the same order as denied her motion for leave to reargue the motion upon which the order dated August 29, 1977 was granted. Appeal by defendant from so much of the order entered May 11, 1978 as denied reargument dismissed. No appeal lies from the denial of a motion for reargument. Order entered May 11, 1978 modified by deleting therefrom the provision which granted defendant's motion for leave to serve an amended answer and substituting therefor a provision denying said motion with leave to renew upon compliance with CPLR 3016 (subd [c]). As so modified, order affirmed insofar as appealed from. Order dated August 29, 1977 modified, on the facts, by (1) deleting therefrom the provision which awarded alimony, *pendente lite,* of $250 per week and substituting therefor a provision awarding alimony, *pendente lite,* of $350 per week and (2) deleting therefrom the provision which awarded child support of $150 per week for the parties' three children and substituting therefor a provision awarding child support of $125 per week per child. As so modified, order affirmed insofar as appealed from. Defendant is awarded one bill of $50 costs and disbursements. Under the circumstances disclosed by this record, the alimony and child support awards were inadequate to the extent indicated herein. (We note that since entry of the order dated August 29, 1977, the parties' oldest child has become emancipated.) Our awards, which are based on affidavits, should have no effect on the trial court in its determination as to the amount of permanent alimony and child support to be awarded, based on all the facts developed at the trial. Whether defendant is entitled to an additional counsel fee is also left to the trial court to determine (see *Spieler v Spieler,* 17 AD2d 956). The amended answer in this action set forth an additional counterclaim but failed to specify, as required, the "time and place of each act complained of" (CPLR 3016, subd [c]). Titone, J. P., Rabin, Gulotta and Cohalan, JJ., concur.