■ GRIFFIN BROTHERS, INC., Respondent, v CHARLES YATTO et al., Appellants.—Appeal from an order of the Supreme Court at Special Term, entered August 1, 1978 in Washington County, which denied defendants' motion to vacate a default judgment. In their motion to open the default judgment, defendants asserted that they thought their former attorney had filed an answer, when in fact he had not, and that they did not know why he had failed to do so. This court has held that the mere assertion of "law office failure" standing alone generally is not sufficient to set aside a default judgment (.e.g, *Reed v Cone,* 61 AD2d 877; *Keith v New York State Teachers' Retirement System,* 56 AD2d 671). Moreover, in addition to excusable neglect, the movant must present facts demonstrating the existence of a meritorious defense (see *Bishop v Galasso,* 67 AD2d 753) and in our view the defenses proffered by defendants are insufficient as a matter of law. As to the adequacy of the factual allegations of the complaint in this breach of contract action, plaintiff is required to plead the provisions of the contract upon which the claim is based *(Lupinski v Village of Ilion,* 59 AD2d 1050), and this it clearly has done. Contrary to defendants' contention, plaintiff was not required to attach a copy of the contract or plead its terms verbatim (see 4 Carmody-Wait 2d, NY Prac, § 29:9). Defendants also assert that plaintiff assigned its rights under the contract and thus cannot sue, but it appears that plaintiff assigned only its rights relating to the sale of the real property while this action is for breach of that portion of the contract pertaining to the sale of personalty, which, in our view, is separable (see *Rudman v Cowles Communications,* 30 NY2d 1, 13). Defendants' contention that plaintiff misrepresented the size of the land and existence of certain encroachments relates to the realty portion of the contract, and should have been raised in the foreclosure action. Finally, defendants' contention that plaintiff represented the value of the personalty as $50,000 when it was worth only $42,000 is irrelevant since defendants only paid $42,000. Accordingly, we conclude that Special Term did not abuse its discretion in denying defendants' motion. Order affirmed, with costs. Mahoney, P. J., Greenblott, Sweeney, Staley, Jr., and Herlihy, JJ., concur.