OPINION OF THE COURT
Edward J. Greenfield, J.
"The poorest man may, in his cottage, bid defiance to all the forces of the Crown. It may be frail; its roof may shake; the wind may blow through it; the storm may enter; the rain may enter; but the King of England may not enter; all his force dares not cross the threshhold of the ruined tenement.”— William Pitt, 1766.
On November 24, 1971, a member of the Police Department of the City of New York entered Mr. Vina’s premises without probable cause, searched his belongings and allegedly upon finding certain items of contraband placed him under arrest.
After the motion to suppress was denied and the trial commenced, Vina pleaded guilty. On October 26, 1973, Vina was sentenced to a term of imprisonment and immediately appealed (CPL 710.70). On June 17, 1975, after the Appellate Division reversed the trial court’s suppression ruling (People v Vina, 47 AD2d 895), the indictment was dismissed. Vina had been paroled on May 29, 1975 having spent more than 20 months in custody.
Within the requisite 90-day period (General Municipal Law, *960 § 50-e, subd 1) after his release, Vina filed his notice of claim with the city charging in essence false arrest and false imprisonment and malicious prosecution.
The city made no attempt to settle the matter and thereafter on September 21, 1976, Vina served his summons and complaint. The city defaulted in appearing or answering the complaint. The complaint asserts 16 bases of tortious conduct against the city. Of necessity many of these are alternatively pleaded so that recovery on one will foreclose recovery on another. Nearly five months after the action was commenced, plaintiff moved to enter the default (CPLR 3215, subd [f], par 1). Notwithstanding the authority for ex parte application, the city was notified by plaintiff of its intention to take the default. The city did nothing. (Its dereliction of duty is magnified by a prior application on notice to the city by the plaintiff to enter the default which was apparently misfiled in the clerk’s office and never presented to a Justice of the court for signature. At that time, the city also did nothing.) About two weeks later, the order granting judgment by default was issued by this court. A copy of the order was served upon the city. The city did nothing.
After the second pretrial conference, each of which having been attended by Corporation Counsel, the court set the case down for a date certain for an inquest. Just prior to inquest and more than nine months after service of process upon it, the city first moved to vacate its default.
To be relieved of a default pursuant to CPLR 5015, the movant must demonstrate a valid excuse for the default (Bishop v Galasso, 67 AD2d 753), the absence of willfullness (Cohen v Levy, 50 AD2d 1039) and facts constituting a meritorious defense (Wall v Bennett, 33 AD2d 827).
The city contends that its delay in serving its answer was occasioned by the heavy volume of pleading and lack of sufficient staff and that "law office failure, in the sense of physical ability to timely respond to every pleading served upon it, must, as a matter of simple fairness, be an available excuse for the Corporation Counsel’s default.” (Del Faus v City of New York, Index No. 7168/76, Gellinoff, J.) Although this court is sympathetic with the budgetary restraints of the Corporation Counsel, it must also be concerned with the rights of private litigants. It should be noted that members of the New York City Police Department initially investigated this case and testified at plaintiff’s trial. At the outset, at least, *961 additional examination of the factual circumstances was unnecessary. By consequence, the bald assertions that the depletion of staff precipitated the default is untenable. As this court has stated before in similar circumstances: "continued law office failures cannot be countenanced * * * The court cannot treat the City’s defaults differently than those of other litigants” (F & W Plumbing Corp. v City of New York, NYLJ, Dec. 28, 1977, p 6, cols 3-4).
Whether a failure to act resulting in a default is characterized as oversight or inadvertence or law office failure, the courts have vacated the default when the default is not willful, the length of the delay is not overly long and the defaulting party moves expeditiously to vacate the default (Matter of Hanover Sand & Gravel v New York State Thruway Auth., 65 AD2d 863; Fusco v Malcolm, 50 AD2d 685).
Where, as here, however, the defendant has been notified on five separate occasions that it is in default but does not move to vacate its default until the eve of trial, such conduct demonstrates if not a willful and deliberate default (Corley v East Aurora Metals, 55 AD2d 840), then a clear indifference to legal procedures.
Moreover, the averment that the arrest, prosecution and subsequent imprisonment was justified is clearly without merit. In reversing the conviction the Appellate Division (47 AD2d 895, supra) specifically found the absence of probable cause for the search and resulting arrest. This determination is the law of the case and Corporation Counsel is barred by res judicata from reintroducing the issue, in any guise, into this case.
So far as the showing of a meritorious defense is concerned, the only other points asserted by the city are the untimeliness of certain alleged causes of action. Such claims, even if valid as to some causes of action clearly would have no effect upon the survival of other causes of action. Thus, the cause of action for malicious prosecution accrued only when the prosecution was terminated favorably to the plaintiff. In such action damages are recoverable for the injury inflicted upon the feelings, reputation and character by a false accusation, as well as that caused by arrest and imprisonment (36 NY Jur, Malicious Prosecution, § 59). Also recoverable is the cost of counsel to defend the prior action (Watson v City of New York, 57 Misc 2d 542) and lost profits (Colegrove v City of Corning, 54 AD2d 1093).
*962 It makes no difference, therefore, that recovery may have been sought on alternate theories where the causes of action accrued on other dates.
While it is the general policy of the courts to permit actions to be determined on the merits the court cannot condone the city’s conduct. However, the city has the right to appear and contest any award of damages (CPLR 3215, subd [4 par 2).
The court finds no basis to excuse the defaults, and accordingly the motion is denied.