■ MARINE MIDLAND BANK, Respondent, v SYLVIA G. TOOKER, Appellant. —Appeal from an order of the County Court of Greene County, entered December 14, 1979, which denied defendant's motion, pursuant to CPLR 317, to vacate the default judgment entered May 25, 1979. In March, 1978 defendant and her sister defaulted on a note which, as comakers, they had executed and delivered to plaintiff in September, 1977. Plaintiff commenced an action in the County Court of Greene County on November 29, 1978 to recover the unpaid balance due on the note. Service of the summons with notice (CPLR 305, subd [b]) was made by affixing it to the door of defendant's home and mailing a copy thereof to her last known address, pursuant to CPLR 308 (subd 4). Proof of service was timely filed, showing three prior attempts to personally serve defendant at her home before plaintiff resorted to CPLR 308 (subd 4). In compliance with the condition precedent to the taking of a default judgment in an action such as this (CPLR 308), a second copy of the summons with notice was mailed to the defendant at her last known address. Defendant failed to appear and, on May 25, 1979, the plaintiff entered a default judgment in the amount of $384.94. By order to show cause dated November 5, 1979, defendant moved, pursuant to CPLR 317, to vacate the default judgment. County Court denied the motion, concluding that "defendant's papers do not disclose a meritorious defense", and this appeal ensued. While we agree with County Court that defendant's motion to vacate the default judgment must be denied, we do so on other grounds. CPLR 317 authorizes the opening of a default "upon a finding of the court that [defendant] did not personally receive notice of the summons in time to defend and has a meritorious defense". In her affidavit in support of her motion to vacate the default judgment, defendant concedes that the summons was "stuck in my front door while no one was at home in November of 1978". Accordingly, defendant has failed to establish that she did not receive notice of the summons in time to defend. Pursuant to CPLR 5015 (subd [a], par 1), a party may move to vacate a default judgment within one year of notice of entry, but in order to succeed, the moving party must show a valid excuse for the default, a meritorious defense and the absence of willfulness (Bishop v Glasso, 67 AD2d 753). The basis of defendant's excuse is her claimed financial inability to retain counsel. The record reveals, however, that the services of Mid-Hudson Legal Services, Inc., were available to defendant "early in 1979" and that defendant sought those services "in early 1979". The default judgment was not entered until May 25, 1979 and no action was taken on defendant's behalf until November, 1979. Under these circumstances, particularly in light of the length of the delay, the default was primarily related to the inaction of Mid-Hudson Legal Services, Inc., rather than defendant's financial inability to retain counsel, and this court has consistently held that such law office failures do not constitute a valid excuse for default (compare Barry v Oneonta Oil & Fuel Co., 74 AD2d 954; Reed v Cone, 61 AD2d 877, 878; Keith v New York State

*Teachers' Retirement System,* 56 AD2d 671, 672, mot for lv to app den 42 NY2d 801, with *Fusco v Malcolm,* 50 AD2d 685, 686). Accordingly, the order of County Court should be affirmed. Order affirmed, without costs. Greenblott, J. P., Main, Mikoll, Casey and Herlihy, JJ., concur.