■ MANDY PEAR, LTD., Respondent, v DUCA REALTY CORP., Appellant. — In an action upon a written lease, defendant appeals from (1) an order of the Supreme Court, Nassau County, entered July 17, 1979, which denied its motion to vacate a default judgment, and (2) an order of the same court, entered January 9, 1980, which denied a motion, which, in effect, was to reargue defendant's prior motion to vacate the default judgment. Appeal from the order entered January 9, 1980 dismissed. No appeal lies from an

order denying a motion to reargue. Order entered July 17, 1979, affirmed. Plaintiff is awarded one bill of $50 costs and disbursements. Plaintiff commenced the instant action by service of a summons and complaint on defendant corporation on February 21, 1978. Defendant, by its president, forwarded the complaint to its attorney and requested that he appear, answer and defend the action. Nevertheless, an answer was not timely served. Subsequently, plaintiff advised defendant by a certified letter addressed to its president and dated March 21, 1978 that an answer to the complaint had not been received and that if an answer were not served within seven days of the letter's date, plaintiff would move for a default judgment. An answer was not served within the seven days and plaintiff moved for an inquest, which was held on September 27, 1978. Thereafter, a default judgment was entered against defendant on January 23, 1979. By order to show cause, dated April 13, 1979, defendant moved for a *vacatur* of the default judgment. Special Term denied this motion, finding that defendant had failed to show a justifiable excuse for its default and a meritorious defense, or any fraud, misrepresentation or other misconduct by the plaintiff. By notice of motion, dated December 6, 1979, defendant moved for leave "to renew" its motion to vacate the default judgment. This was denied. Special Term found that defendant offered no evidence that had not been previously considered. The purportedly new evidence was an affidavit by defendant's original attorney in the case, which the court viewed as a mere restatement of the affidavit of defendant's president offered on the prior motion. Furthermore, Special Term found that defendant had not presented a sufficient reason for not having submitted the attorney's affidavit on the prior motion. It observed that defendant's motion to renew was actually one for reargument, and, as such, could be held time barred. Special Term correctly found that defendant's default was due to its attorney's law office failures and that there was no basis to set aside the default judgment on the grounds of fraud, misrepresentation or other misconduct of the plaintiff. Furthermore, Special Term correctly concluded that since law office failure was the only reason shown for defendant's default, excusable neglect had not been proven and the default could not be properly reopened. (See *Filippi v Grand Union Co.,* 30 AD2d 532; cf. *Barasch v Micucci,* 49 NY2d 594; *Verre v Rosas,* 47 NY2d 795; *Simons v Sanford Plaza,* 44 AD2d 710.) With regard to the order entered January 9, 1980, denying defendant's purported motion for renewal, the record supports Special Term's finding that no new evidence was offered. The affidavit of defendant's original attorney was nothing more than a restatement, in different form, of evidence already presented on the original motion to vacate the default judgment. Special Term, therefore, without specifically deeming the renewal motion one for reargument, clearly acknowledged that in fact it was a reargument motion. As such, it could have been dismissed as time barred. *(Matter of Huie [Furman],* 20 NY2d 568, remittitur amd 21 NY2d 1036; *Pigno v Bunim,* 74 AD2d 567.) Nevertheless, Special Term simply denied it. We agree with Special Term that the motion for renewal was, in reality, one for reargument. Consequently, since no appeal lies from such an order, that appeal must be dismissed. *(Frankel v Frankel,* 67 AD2d 719; *Matter of Morabito v Campbell,* 59 AD2d 703.) Mangano, J. P., Gibbons, Gulotta and O'Connor, JJ., concur.