DAVID M. SPICKERMAN, Appellant-Respondent, v STATE OF NEW YORK, Respondent-Appellant. (Claim No. 64227.)

Third Department, February 25, 1982

APPEARANCES OF COUNSEL

*Wager, Taylor, Howd, Brearton & Kessler (Michael W. Kessler* of counsel), for appellant-respondent.

*Robert Abrams, Attorney-General (Michael S. Buskus, Jeremiah Jochnowitz* and *Shirley Adelson Siegel* of counsel), for respondent-appellant.

OPINION OF THE COURT

KANE, J.

This is a negligence case. Claimant, injured while riding as a passenger in a vehicle involved in a two-car accident, seeks substantial damages from the State of New York for its alleged negligent construction and maintenance of a highway in the Town of Sand Lake, Rensselaer County. The claim was timely filed on June 9, 1980, and upon defendant's request, the time to file an answer was extended to September 1, 1980. As a result of an inadvertent oversight on the part of the Assistant Attorney-General assigned to the defense of this case, no answer was served

or filed.[1] On March 5, 1981, claimant moved for entry of judgment by default and for an assessment of damages (CPLR 3215). Defendant immediately cross-moved to be relieved of its default in pleading, for permission to serve and file its answer annexed to the motion papers, and for a stay. The Court of Claims, in effect, denied claimant's motion and granted the cross motion, except for the requested stay, conditioned upon defendant paying to claimant's attorneys the sum of $500. These cross appeals ensued.

While we agree that defendant should be relieved of its default in answering, we are of the view that the $500 sanction imposed is impermissible. This directive clearly qualifies as an award of attorneys' fees and such is expressly prohibited by statute (Court of Claims Act, § 27; see *Waterman v State of New York*, 33 AD2d 716). Although defendant argues that under the doctrine of sovereign immunity a default judgment for failure to serve and file a timely answer may not be entered against the State, we need only consider whether, under the facts presented in this case, the Court of Claims abused its discretion in denying claimant's motion. Admittedly, the failure to serve an answer was an oversight, a circumstance which ordinarily would fall into the category of "law office failure", and without more would be insufficient to excuse a default (*Reed v Cone*, 61 AD2d 877, 878). However, when, as here, the default in answering is not willful, the defaulting party moves expeditiously for relief and the nondefaulting party is not unduly prejudiced, a court has discretion to permit the interposition of an answer under traditional concepts of permitting a litigant, against whom a claim is made, to have his day in court, particularly when there is no intention to abandon the matter and a defense on the merits exists (*Frucher v Kaye's Auto Exch.*, 74 AD2d 709; *Matter of Hanover Sand & Gravel v New York State Thruway Auth.*, 65 AD2d 863, 864; *Fusco v Malcolm*, 50 AD2d 685, 686; see, also, *Spoor-Lasher Co. v J.E.H. Dev. Co.*, 58 AD2d 646, 647).[2]

1. Prior to January 1, 1976, the State was never required to answer a claim, and all allegations were deemed denied. The requirement to answer is found in the Rules of the Court of Claims (22 NYCRR 1200.7).

2. Claimant argues that under *Barasch v Micucci* (49 NY2d 594), a court has no

The existence of a meritorious defense is founded upon the record in its entirety, and not solely from the affidavit of defendant's attorney. The driver of the vehicle in which claimant was a passenger pleaded guilty to a charge of criminally negligent homicide which encompassed an admission that at the time of the accident herein, he operated his vehicle at an unreasonably high rate of speed while he had a blood alcohol content of approximately .21%, striking another vehicle and killing the sole occupant thereof. These factors and the surrounding circumstances undoubtedly affected the Court of Claims conclusion that the State should have its day in court. Accordingly, granting relief was entirely appropriate.

The order should be modified, on the law, by deleting so much thereof as directed payment of the sum of $500 to claimant's attorneys, and, as so modified, affirmed, without costs.

CASEY, J. (dissenting). We respectfully dissent. We cannot agree with the majority's conclusion that the State's default should be excused. In *Barasch v Micucci* (49 NY2d 594, 599), the court held that in order to avoid dismissal for failure timely to serve a complaint pursuant to CPLR 3012 (subd [b]), the plaintiff must demonstrate a reasonable excuse for the delay and that the claim has legal merit. Similarly, in order to vacate a default judgment under CPLR 5015 (subd [a]), the defendant must also show a valid excuse and a meritorious defense (see, e.g., *Matter of Hanover Sand & Gravel v New York State Thruway Auth.*, 65 AD2d 863, 864). The court held in *Barasch* that those excuses which may be roughly categorized as "law office failures" cannot, as a matter of law, serve as a reasonable excuse for the plaintiff's delay in serving his complaint. We see no basis for applying a different rule for the valid

discretion to vacate a default once it determines that the default was caused by a law office failure. In *Barasch,* the plaintiff failed to serve a complaint within 20 days after the defendant served a demand. We decline to extend the *Barasch* rule to a defendant seeking to vacate a default judgment entered for failure to answer in light of the substantial differences between a motion to dismiss under CPLR 3012 (subd [b]) and a motion to vacate a default under CPLR 5015.

excuse required to open a defendant's default (*Mandy Pear Ltd. v Duca Realty Corp.,* 81 AD2d 829; *Bruno v Village of Port Chester,* 77 AD2d 580, app dsmd 51 NY2d 769; see *Natemeier v Heim,* 81 AD2d 1008; but see *Cockfield v Apotheker,* 81 AD2d 651). Moreover, irrespective of *Barasch,* as noted in *Marine Midland Bank v Tooker* (78 AD2d 755), "this court has consistently held that such law office failures do not constitute a valid excuse for default". Accordingly, since the excuse offered by the State is a classic law office failure, its default may not be excused.

In our view, the critical issue is whether claimant is entitled to a default judgment. Prior to 1976, the Rules of the Court of Claims provided that the State was not required to answer and, accordingly, the State's failure to answer could not be considered a default (see *Taylor v State of New York,* 302 NY 177, 188). As noted by the majority, these rules, which were amended in 1976, now require the State to answer (22 NYCRR 1200.7), and in light of this change, the State's failure to answer must now be considered a default. Such default, however, does not automatically entitle a claimant to a judgment, for subdivision 1 of section 12 of the Court of Claims Act precludes the granting of a judgment in the absence of "such legal evidence as would establish liability against an individual or corporation in a court of law or equity". In our view, therefore, while the State's failure to answer deprived it of the right to defend the claim, a judgment may be entered on the default only after claimant proves by "legal evidence" that he has a valid claim against the State. Such a procedure balances the need to impose sanctions for a party's default with the need to protect the State from baseless claims, and is similar to the procedure in Federal courts under subdivision (e) of rule 55 of the Federal Rules of Civil Procedure (see Ann., 55 ALR Fed 190). The State's participation in the matter following its default would be limited to those procedures contained in CPLR 3215.

The order should be reversed and the matter remitted to the Court of Claims to afford claimant the opportunity to establish his claim by legal evidence.

SWEENEY and WEISS, JJ., concur with KANE, J.; MAHO-NEY, P. J., and CASEY, J., dissent and vote to reverse in an opinion by CASEY, J.

Order modified, on the law, by deleting so much thereof as directed payment of the sum of $500 to claimant's attorneys, and, as so modified, affirmed, without costs.