■ PICOTTE REALTY, INC., Respondent, v ALBERT T. ARAGONA et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Doran, J.), entered July 14, 1981 in Albany County, which denied the corporate defendant's motion to vacate a default judgment in favor of plaintiff. Plaintiff commenced this action against both defendants alleging two causes of action. The first cause of action seeks recovery of a real estate broker's commission for the leasing of certain premises owned by the corporate defendant; the second alleges an account stated. The action was commenced by personal service of a summons and verified complaint upon both defendants on April 16, 1981. It appears that a default judgment was entered on May 7, 1981 against only the corporate defendant. On May 15, 1981, the corporate defendant sought vaca-

tur, moving by order to show cause. Special Term denied the application on the ground movant failed to demonstrate either a satisfactory excuse for its default or a meritorious defense. This appeal ensued. The order should be affirmed. A defendant seeking to vacate a default judgment must demonstrate (1) a reasonable excuse for the delay, (2) the absence of willfulness, and (3) a prima facie showing of legal merit (*Frucher v Kaye's Auto Exch.*, 74 AD2d 709; *Matter of Hanover Sand & Gravel v New York State Thruway Auth.*, 65 AD2d 863). Generally, whether these criteria have been satisfied rests within the sound discretion of Special Term, which must be accorded some latitude in applying the appropriate rules (*Cohen v Levy*, 50 AD2d 1039). We note that since an opportunity to defend and a final disposition on the merits are most desirable, a liberal construction is favored (*Capellino Abattoir, Inc. v Lieberman*, 59 AD2d 986; *Fusco v Malcolm*, 50 AD2d 685). Here, the supporting affidavits attribute the delay to the defendant president's health problems. There is no medical proof submitted. The answer alleges an oral agreement in which plaintiff agreed to accept a finder's fee of 3% in lieu of normal commissions. Since the delay in this case was not improvident (cf. *Cockfield v Apotheker*, 81 AD2d 651), defendant having moved to vacate the default upon receipt of notice of entry of the judgment (*D. M. G. Constr. Corp. v Marcello*, 55 AD2d 670), we would be inclined to grant relief (see *Spickerman v State of New York*, 85 AD2d 60). However, the proposed answer fails to allege a meritorious defense. Several partial payments were made upon receipt of bills for commissions due between December, 1976 and March, 1979. Defendants made neither protest nor mention of the alleged agreement to accept a 3% finder's fee. Neither defendant protested the account stated in the form of the several bills sent. Contrary to defendant's arguments, the record substantiates plaintiff's participation in negotiations which culminated in an executed lease. Plaintiff performed the services required and earned its commission (see 11 NY Jur 2d, Brokers, § 107, p 468). Upon examination of the entire record, we cannot say that Special Term abused its discretion in refusing to vacate the default judgment (see *Small v Applebaum*, 79 AD2d 572). Order affirmed, with costs. Kane, J. P., Main, Mikoll, Weiss and Levine, JJ., concur.