■ PIETRO GIGLÏOTTI, Respondent, v CITY OF RENSSELAER et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Prior, Jr., J.), entered November 13, 1980 in Rensselaer County, which granted plaintiff's motion for an order opening his default and vacated an earlier order dismissing the action against defendants. By service of a summons dated January 27, 1978, plaintiff commenced this action to recover for personal injuries which he allegedly sustained when defendant Fernando J. Di Tullio, a police officer employed by defendant City of Rensselaer, used excessive force on him on November 23, 1976. On March 15, 1978, defendants each served notice of appearance and demands for a complaint, and plaintiff was given permission to file his complaint after a hearing mandated by section 50-h of the General Municipal Law, which was held and completed on July 20, 1978. Following this hearing, plaintiff failed to serve the complaint and on September 11, 1979,

more than 13 months later, defendants moved for an order dismissing this action. Their motion was granted by Special Term in an order filed November 27, 1979 after plaintiff defaulted and failed to appear on October 25, 1979, the return day of the motion. On October 24, 1979, plaintiff had attempted to serve a complaint, but it was rejected and returned by defendants. With these circumstances prevailing, plaintiff moved to vacate the default judgment, and his motion was granted in the order from which defendants now appeal. We hold that the challenged order must be reversed. Even accepting *arguendo* plaintiff's argument in his supplemental brief that, under our holding in *Spickerman v State of New York* (85 AD2d 60), he was entitled to be relieved from the default judgment which resulted from his failure to appear on October 25, 1979, it is nonetheless clear upon the instant record that defendants are entitled to a dismissal of the action as a matter of law. Not only did plaintiff concededly fail to file an affidavit of merit to demonstrate the legal merit of his claim, but he now seeks to substitute therefor a notice of claim and the transcript of the section 50-h hearing, neither of which are to be found in the record. Additionally, he has plainly failed to demonstrate a reasonable excuse for the extended delay in the service of a complaint. His present attorney has been representing him in this action since at least January 27, 1978, so that the death of his former attorney does not justify his tardiness. Similarly, the alleged failure of defendants to serve plaintiff with a copy of the transcript of the section 50-h hearing until October 23, 1979 likewise does not excuse his inordinate delay in serving the complaint. Under these circumstances, the action should be dismissed pursuant to CPLR 3012 (subd [b]) (cf. *Barasch v Micucci,* 49 NY2d 594). Order reversed, on the law, without costs, and motion by plaintiff denied. Kane, J. P., Main, Mikoll, Weiss and Levine, JJ., concur.