■ KARL EHMER et al., Respondents, v MODERNISMO PUBLICATIONS, LTD., et al., Appellants, et al., Defendants.—In an action to recover damages for defamation and violation of the plaintiffs' right of privacy, the defendants Modernismo Publications, Ltd., Flynt Distributing Company and Sam Staggs appeal from an order of the Supreme Court, Queens County (Goldstein, J.), dated August 27, 1985, which (1) granted the plaintiffs' motion to vacate their default under the conditional

order of dismissal previously entered, and extended by 30 days the plaintiffs' time to comply with items Nos. 2, 3 and 4 of the appellants' notice for discovery and inspection, and (2) denied the appellants' motion to dismiss the complaint.

Order affirmed, without costs or disbursements. The plaintiffs' time to comply with items 2, 3 and 4 of the appellants' notice for discovery is extended until 30 days after service upon them of a copy of the order to be made hereon, with notice of entry, and the appellants' time to appear at the plaintiffs' business offices to inspect certain of the business records demanded to be produced for inspection is extended until 30 days after service upon them of a copy of the order to be made hereon, with notice of entry.

Public policy favors a determination of actions on their merits and the sound discretion of Special Term is to be afforded some latitude in determining what is an excusable default *(Krystofic v Rapisardi,* 112 AD2d 196; *Picotte Realty v Aragona,* 87 AD2d 955). In view of the lack of prejudice to the appellants, the absence of willful noncompliance on the plaintiffs' part, and the potential meritorious nature of the action as set forth in the verified complaint, we find that Special Term did not abuse its discretion in excusing the plaintiffs' default *(see, Stark v Marine Power & Light Co.,* 99 AD2d 753). Mollen, P. J., Weinstein, Rubin and Spatt, JJ., concur.