■ DAVID ALTMAN, Respondent, v. HERMAN STICHMAN, as Trustee of Hudson & Manhattan Railroad Co., Appellant.— Order, entered July 11, 1968, unanimously reversed, on the law, on the facts and in the exercise of discretion, with $30 costs and disbursements to appellant, and plaintiff's motion to open his default and restore the action to the calendar is denied, with costs. Plaintiff has failed to show either an acceptable excuse for his default or a meritorious cause of action to justify the vacatur of the dismissal of his complaint. This personal injury action was dismissed upon plaintiff's failure to appear at a calendar call of nonpreferred cases on April 17, 1967. Neither the inadvertence of plaintiff's attorney's office in not discovering the call nor the failure of a calendar watch service to notify such attorney of the call constitutes an adequate excuse for plaintiff's failure to appear. (See *Tepperman* v. *Peri*, 29 A D 2d 893, app. dsmd. 22 N Y 2d 703; *Filippi* v. *Grand Union Co.*, 30 A D 2d 532; *Sortino* v.

*Fisher,* 20 A D 2d 25, 29.) Plaintiff's affidavit of merits is also insufficient since it fails to factually show that plaintiff has a meritorious cause of action. (See *Keogh* v. *New York Post Corp.,* 22 A D 2d 659; *Maggio* v. *Columbia Operating Co.,* 28 A D 2d 529; *Sortino* v. *Fisher, supra,* p. 32.) Finally, plaintiff's delay of over a year in making this motion is not without significance in the determination of the motion. (See *Back* v. *Stern,* 23 A D 2d 837.) Concur — Stevens, P. J., Eager, Tilzer and McNally, JJ.