(January 29, 1970)

■ JOHN P. RYAN, Respondent, v. MARGUERITE A. RYAN, Appellant.— SWEENEY, J. Appeals (1) from an order of the Supreme Court at Special Term, entered in Fulton County on March 17, 1969, which granted plaintiff's motion for judgment by default insofar as said order set forth conditions for curing said default, (2) from an order of the Supreme Court at Special Term,

entered in Fulton County on April 21, 1969, which granted plaintiff's motion for judgment by default, unconditionally declared appellant in default for failure to appear for trial, and ordered an inquest set for a certain date prior to which date defendant was to be allowed to serve her answer and proceed for trial on the merits, and (3) from a judgment of the Supreme Court at Special Term, entered in Fulton County on May 8, 1969, upon such default. This controversy arises from an action for divorce and separation commenced in August of 1966 by the respondent-husband. The wife counterclaimed for a divorce. Courts are reluctant to declare a party in default. With the obligation to keep the calendar moving and do justice to all parties, there may come a time, however, when they have no alternative. Such was the situation in the instant case. The record clearly demonstrates that the court was extremely patient and considerate with appellant and her attorneys. He granted appellant repeated opportunities, not only to answer the amended complaint, but to appear in court for a trial on the merits. Considering all of the circumstances, we conclude the court was well within its discretion to find appellant in default, not only in pleading, but in failing to be present in court at the time designated for the inquest. (*Jensen* v. *Union Ry. Co.*, 260 N. Y. 1, 4; *Burn* v. *Coyle*, 258 App. Div. 618, 620, affd. 284 N. Y. 789; *Pearlson* v. *Javits*, 19 A D 2d 729, mot. for lv. to app. den. 13 N Y 2d 597; *Jones* v. *Jones*, 10 A D 2d 573.)  Orders and judgment affirmed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Sweeney, JJ., concur in memorandum by Sweeney, J.