■ GEORGETTE ROSS, Appellant, v GERALD J. SANCK et al., Respondents. —Order unanimously affirmed, without costs. Memorandum: Plaintiff appeals from an order denying her motion to vacate the order of dismissal and to restore the case to the Trial Calendar. This negligence action was commenced by service of a summons on August 25, 1972. On November 3, 1972 plaintiff filed a note of issue placing the case on the Trial Calendar of the Supreme Court. On May 22, 1974 plaintiff failed to appear and answer "ready" at a calendar call and the case was placed on the general docket. Approximately 11 months later, on April 22, 1975 plaintiff moved to restore the case to the Trial Calendar. Plaintiff's attorneys filed a supporting affidavit reciting that the failure to answer the calendar call was due to the fact that they had not received notification from the court that the case would be called; that they were not aware that the case would be called because their office is in New York County and the case was called in Erie County; and that the law journal to which they subscribe does not list cases pending in Erie County. Plaintiff also furnished an affidavit asserting that her cause of action is meritorious. There was no opposition to the motion and it was granted on June 11, 1975, with the direction that the case be placed upon the Day Calendar. On September 24, 1975 plaintiff again failed to answer the calendar call. The action was ordered for trial and on September 29, 1975, there being no appearance by the plaintiff, defendants' motion to dismiss the action on its merits was granted. On November 4, 1975 plaintiff moved unsuccessfully to vacate the order of dismissal and restore the action to the Trial Calendar. The grounds offered were substantially the same as those asserted on plaintiff's earlier motion. Inasmuch as plaintiff made no arrangement to monitor the calendar progress of this action following its restoration, the denial of plaintiff's motion was a proper exercise of discretion. It has been announced repeatedly that "law office failure" does not constitute a sufficient ground to excuse delay (see, e.g., *Rabetoy v Atkinson,* 49 AD2d 691, app dsmd 37 NY2d 803; *Kennedy v Weil-McLain Co. of N. Y.,* 47 AD2d 804; *Williams v Mallinckrodt Chem. Works,* 42 AD2d 1044). Consequently, plaintiff has not made the requisite showing of excusable default (CPLR 5015, subd [a], par 1; see *Altman v Stichman,* 31 AD2d 741; *Filippi v Grand Union Co.,* 30 AD2d 532). (Appeal from order of

Erie Supreme Court—vacate dismissal of action.) Present—Marsh, P. J., Moule, Simons, Dillon and Witmer, JJ.