■ HENRY BRENNER et al., Respondents, v MANNY SWEIZER, Doing Business as J.M.H. CASTING COMPANY, Appellant. — Levine, J. Appeal from an order of the Supreme Court at Special Term (Conway, J.), entered June 7, 1984 in Rensselaer County, which denied defendant's motion to vacate a default judgment.

In October of 1975, plaintiffs brought an opal ring to defendant for repairs. Plaintiffs allege that defendant damaged one of the opals in attempting to repair the ring and did not satisfactorily replace it. An arbitration proceeding resulted in a decision awarding plaintiffs $200 and directing defendant to return the ring. Unsatisfied with this result, defendant demanded a trial. An action was commenced in Supreme Court and transferred to Troy City Court for trial. When defendant failed to appear at the pretrial conference on October 7, 1982, the case was set down for trial on March 24, 1983.

At 4:00 P.M. on March 23, 1983, defendant's attorney notified the Troy City Court Clerk that he was involved in trying a criminal case in New York City and asked for an adjournment. This request was denied and a default judgment in favor of plaintiffs was entered the next day. Defendant's subsequent motion for vacatur of the default judgment was denied by Special Term and this appeal ensued.

Pursuant to CPLR 5015 (a) (1), a court may relieve a party from an "excusable default" upon "such terms as may be just".

The moving party must, however, present both (1) a valid excuse for the default and (2) an affidavit of merits (Siegel, NY Prac § 427, at 567 [1978]).

In this case, defendant has failed to provide an adequate excuse for his delay in requesting an adjournment and for his subsequent failure to appear. The record discloses that although the trial date had been set for six months, defense counsel scheduled another trial for the same date. Further, despite the fact that the second trial had been ongoing for the preceding nine days, defendant's counsel did not request an adjournment until the eve of the trial in Troy City Court. This long foreseeable scheduling conflict does not constitute a valid excuse for the default (*see, Ross v Sanck,* 54 AD2d 610).

Further, defendant's affidavit of merits does not set forth facts sufficient to prove a meritorious defense. It is uncontested that defendant damaged plaintiffs' ring. Accordingly, Special Term did not abuse its discretion in denying the motion for vacatur of the default judgment.

Order affirmed, with costs. Kane, J. P., Casey, Mikoll, Levine and Harvey, JJ., concur.