■ RAOUL CHARBONNEAU CUSTOM LOGGING, INC., Respondent, v ROGER BELANGER, Appellant. — Main, J. P. Appeal from an order of the County Court of Warren County (Moynihan, Jr., J.), entered August 10, 1984, which denied defendant's motion to vacate a default judgment entered against him.

Defendant has moved to vacate a default judgment against him, claiming that he never received various notices which were sent to him. County Court concluded that defendant failed to establish that his default was excusable and denied the motion. Our review of the record reveals that defendant has failed to satisfy his burden of showing a valid excuse for the default. Defendant's actions demonstrate a repeated and consistent pattern of evading judicial processes. The affidavit of defendant's prior attorney makes clear that defendant often did not claim mail sent to him. Certified letters were sent to defendant at his proper address, and he has offered no explanation for his repeated failure to accept such letters. Moreover, when defendant did finally appear before County Court at a hearing concerning the possible application of the homestead exemption to his real property, the sale of which was to satisfy the default judgment, he stated that he understood what had happened in the lawsuit and that he consented to his attorney drafting a proposal to pay plaintiff to satisfy the default judgment. Defendant offers no explanation for his failure to submit such a proposal. Considering these examples of defendant's consistent pattern of delay, we believe that County Court did not abuse its discretion in denying defendant's motion to vacate the default (*see, e.g., Ryan v Ryan,* 33 AD2d 969; *Lind v Port of N. Y. Auth.,* 28 AD2d 984, *appeal dismissed* 20 NY2d 948).

Furthermore, regardless of whether defendant had a reasonable excuse for his default, he has failed to demonstrate a meritorious defense to the underlying breach of contract action. Such failure is fatal to defendant's motion to vacate, whether such motion was made under CPLR 317 or 5015, for both sections require the movant to demonstrate a meritorious defense (see, McLaughlin, 1983 Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, 1984-1985 Pocket Part, CPLR C317:1, p 240).

Order affirmed, with costs. Main, J. P., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.