■ In the Matter of STATE OF NEW YORK, by ROBERT ABRAMS, as Attorney-General, Respondent, v RICHARD WILEY et al., Appellants, et al., Respondents.—Levine, J. Appeal from an order of the Supreme Court at Special Term (Cobb, J.), entered October 2, 1984 in Albany County, which denied a motion by respondents Richard Wiley and Erna Wiley to vacate a default judgment entered against them.

Pursuant to Executive Law § 63 (12), petitioner commenced a special proceeding seeking, *inter alia,* to enjoin respondents from engaging in fraudulent business practices in connection with their sale of distributorships for security or energy equipment from or within New York. A default judgment was subsequently entered against all respondents enjoining such activities and holding them jointly and severally liable for the payment of restitution and civil penalties. Thereafter, respondents Richard and Erna Wiley sought to have that judgment vacated, pursuant to CPLR 5015 (a) (1). The Wileys' moving affidavits submitted in support of their motion averred that, since they had at all times acted solely within their capacities as directors and officers of respondent corporations, they should not be subjected to personal liability on the judgment. However, Special Term held that, even if the Wileys had acted in their corporate capacities, they could be held liable individually if they had personally participated in or had actual knowledge of fraudulent or deceptive practices engaged in by respondent corporations. Since the Wileys did not deny such participation or knowledge, Special Term denied their motion on the ground that they had not shown the existence of a meritorious defense.

On appeal, the Wileys claim that because corporate officers are generally charged with fiduciary obligations and are thereby bound by rules of morality and honesty, they had impliedly claimed that they did not personally participate in or have knowledge of fraudulent or deceptive practices when they stated in their depositions that they had acted within their corporate capacities. On this basis, the Wileys claim that they had shown the existence of a meritorious defense as required by CPLR 5015 (a) (1). We disagree.

In order to be relieved of a default judgment, the moving party must assert *facts* constituting a meritorious defense *(Bishop v Galasso,* 67 AD2d 753). The Wileys did not meet that burden here but, rather, attempted to establish the existence of a meritorious defense through allegations in conclusory form *(see, Wall v Bennett,* 33 AD2d 827). No facts were set forth in the Wileys' moving papers to support either

the claim that they acted solely in their corporate capacities or that, as corporate officers and directors, they did not personally participate in or have knowledge of respondent corporations' fraudulent or deceptive practices.

Order affirmed, with costs. Mahoney, P. J., Kane, Main, Yesawich, Jr., and Levine, JJ., concur.