■ GLENS FALLS NATIONAL BANK AND TRUST COMPANY, Respondent, v HAROLD W. KATZ, Appellant, et al., Defendants.— Main, J. P. Appeal from an order of the Supreme Court at Special Term (Mercure, J.), entered February 1, 1985 in Washington County, which denied defendant Harold W. Katz's motion to vacate a default judgment entered against him.

Plaintiff commenced this mortgage foreclosure action by personal service of a summons and complaint upon defendant Harold W. Katz (hereinafter defendant) on February 3, 1984. No answer was interposed by defendant and, on June 18, 1984, a judgment of foreclosure was entered. On the date on which the sale of the foreclosed property had been scheduled, defendant obtained an order staying the foreclosure sale until defendant could move for leave to file an answer. Under the terms of that order, the stay was to remain in effect no longer than 30 days. After the passage of this 30-day period, during which defendant took no action whatsoever, plaintiff again proceeded to make arrangements for the sale of the foreclosed property. Just days before this scheduled sale, however, defendant obtained an order to show cause again staying the foreclosure sale and moved for an order pursuant to CPLR 5015 (a) (1) vacating the judgment of foreclosure. Special Term denied that motion and this appeal ensued.

Under CPLR 5015 (a) (1), a party seeking relief from a default judgment must show, *inter alia,* that his default was

excusable. The reason proffered by defendant, formerly a Judge of the Family Court of Warren County, for his delay is that, during the months following the commencement of this foreclosure action, he was involved in a proceeding before the State Commission on Judicial Conduct. That proceeding, according to defendant, "totally consumed his time and energy and so absorbed his attention that he failed to defend the foreclosure action".

The motion to vacate the default judgment in this case was one addressed to Special Term's discretion, the exercise of which should not be disturbed if there is support for it in the record (see, Machnick Bldrs. v Grand Union Co., 52 AD2d 655). In this regard, it is of some significance that defendant, on the first date scheduled for the foreclosure sale, obtained a court order staying the sale until he could move for leave to file an answer in the action. At this time, the proceedings before the Commission on Judicial Conduct had ended and, in fact, defendant had already been removed from office by the Court of Appeals. Despite this fact, defendant failed to move for leave to file an answer and, instead, waited until days before the second date scheduled for the foreclosure sale to take further action to prevent the sale. In view of such inaction on defendant's part, we conclude that defendant failed to satisfy his burden that his default was excusable and, further, that Special Term did not abuse its discretion in denying defendant's motion to vacate the default (see, Charbonneau Custom Logging v Belanger, 111 AD2d 583).

Order affirmed, with costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.