■ ELLSWORTH N. STEWART, as Executor of MARTHA L. WILLIAMS, Deceased, Respondent, v MARION WARREN et al., Appellants, et al., Defendant.—In an action, *inter alia,* to rescind a deed and to impose a constructive trust, the defendants Marion Warren and Suburban Delta, Inc. appeal from an order of the Supreme Court, Westchester County (Delaney, J.), entered January 23, 1986, which denied the defendant Warren's *pro se* motion to vacate an order of the same court (Burchell, J.), entered August 30, 1985, granting, *inter alia,* a default judgment against the appellants.

Ordered that on the court's own motion, Ellsworth N. Stewart, as executor of the estate of Martha L. Williams, is substituted as the party plaintiff, and the caption is amended accordingly; and it is further,

Ordered that the appeal by the defendant Suburban Delta, Inc. is dismissed on the ground it was not aggrieved by the order entered January 23, 1986, which could not determine the vacatur motion brought on its behalf by the defendant Warren *pro se,* because as a corporate defendant, it could only appear by an attorney *(see,* CPLR 321 [a]; *Moustakas v Bouloukos,* 112 AD2d 981, 983); and it is further,

Ordered that on the appeal by Warren, the order is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs payable by the appellant Warren.

A court is authorized to vacate an order granting the entry of a default judgment pursuant to the provisions of CPLR 5015 (a) (1) upon a showing of an excusable default and a meritorious defense *(Fidelity & Deposit Co. v Andersen & Co.,* 60 NY2d 693; *Abrash v Lavender,* 119 AD2d 785). The movant's failure to assert facts constituting a meritorious defense is fatal to his motion to vacate *(see, Matter of State of New*

*York v Wiley,* 117 AD2d 856; *Charbonneau Custom Logging v Belanger,* 111 AD2d 583). Nor did the plaintiff's counsel, as the appellants contend, practice any fraud or deception upon the court in moving for leave to enter the default judgment *(Lins v Lins,* 98 AD2d 608).

In disposing of this appeal, we have not considered items in the appellants' appendix which were dehors the record made at the Supreme Court, Westchester County *(see, Broida v Bancroft,* 103 AD2d 88, 93) other than taking judicial notice of an order entered June 27, 1985, which struck the appellants' verified answer. In any event, had we taken judicial notice of the appellants' verified answer, erroneously designated a verified complaint, the conclusory denials contained in this pleading would not suffice, in this case, as an adequate affidavit of merit *(see, Bethlehem Steel Corp. v Solow,* 51 NY2d 870, 872). Mollen, P. J., Thompson, Rubin and Kunzeman, JJ., concur.