■ TIMOTHY J. WILCOX et al., Respondents-Appellants, v PARKLAND DEVELOPMENT CORPORATION, Appellant-Respondent. —Yesawich, Jr., J. Appeals from a judgment and amended judgment of the Supreme Court (Plumadore, J.), entered February 15, 1989 and March 15, 1989 in Schenectady County, which assessed damages in favor of plaintiffs.

On August 31, 1986, plaintiff Patricia A. Wilcox (hereinafter plaintiff) fell when a basement door located on defendant's construction site gave way beneath her, causing her to suffer serious personal injuries. After commencing and then discontinuing an action against an improper defendant, plaintiff and her husband brought a second action against a partnership doing business as Parkland Garden Apartments and the individual partners thereof. While this second action was in the very early stages of litigation, plaintiff and her husband commenced a third action, this time against defendant herein. Service was effected pursuant to Business Corporation Law § 306 by delivering the summons and complaint to the Secretary of State. It is undisputed that defendant never received notice of this lawsuit from the Secretary of State. If defendant made any attempt to determine why it did not receive the summons and complaint from the Secretary of State, it does not appear in the record.

A default judgment was entered in the third action on September 1, 1988; damages were to be assessed by Supreme Court at a future trial. Shortly thereafter, defendant unsuccessfully moved to vacate the default judgment. Finding a meritorious defense lacking, Supreme Court denied the motion, without prejudice to renewal. An inquest was held December 12, 1988. At the outset of the inquest it was stipulated that, following elicitation of proof as to plaintiff's damages, she would then make herself available to be examined by defendant regarding the circumstances surrounding the happening of the accident. That examination was conducted on December 20, 1988. Thereafter, Supreme Court, in a written decision issued February 8, 1989, determined that plaintiff's damages, reduced by one third for her contributory negligence, were $50,000. On appeal, defendant contends that Supreme Court abused its discretion in denying its motion to vacate the default judgment;* we disagree.

---

* Plaintiffs' appeal from the amended judgment in their favor following the inquest as to damages has been abandoned.

To be successful on its motion, whether the motion is brought pursuant to CPLR 317 or 5015 (a) (1), defendant is required to establish a meritorious defense (see, 2 Weinstein-Korn-Miller, NY Civ Prac ¶ 317.03). Here, a meritorious defense has not been set forth (see, Juracka v Ferrara, 137 AD2d 921, 923, lv dismissed 72 NY2d 840; cf., Purdy v Kutsher's, Inc., 97 AD2d 752, appeal dismissed 61 NY2d 760). There are no affidavits from anyone having personal knowledge of facts which are even suggestive of such a defense. And the one affidavit addressing the liability issue, that of defendant's vice-president, does no more than imply that plaintiff may be guilty of contributory negligence because she entered an area which was under construction (cf., Winters v Albany Executive House Apts., 102 AD2d 985).

Before rendering its decision, Supreme Court afforded defendant the privilege of renewing its motion, as well as the right to depose plaintiff on the accident details. Given these circumstances and defendant's failure to renew, it is reasonable to conclude that defendant had no defense other than the uncompelling one it had urged upon the court on its motion (cf., Union Indem. Ins. Co. v 10-01 50th Ave. Realty Corp., 102 AD2d 727).

Judgment and amended judgment affirmed, with costs to plaintiffs. Kane, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.