■ HERLINDA VIERYA et al., Respondents, v BRIGGS & STRATTON CORP. et al., Defendants, and PERGAMENT DISTRIBUTORS, INC., Appellant.—In an action to recover damages for personal injuries based on negligence, strict products liability and breach of warranty, the defendant Pergament Distributors, Inc. appeals from an order of the Supreme Court, Nassau County (Levitt, J.), entered July 10, 1989, which denied its motion pursuant to CPLR 5015 to vacate a prior order of the same court, entered May 2, 1988, made upon its default, which granted a motion by the plaintiffs to strike the appellant's answer to the extent of directing that the appellant's answer be stricken unless, within 20 days, it fully complied with the plaintiffs' outstanding discovery requests.

Ordered that the order is affirmed, with costs.

It is well settled that a party seeking to vacate a default must demonstrate a reasonable excuse therefor and a meritorious defense to the action (see, Fidelity & Deposit Co. v Andersen & Co., 60 NY2d 693; Stewart v Warren, 134 AD2d 585). A court may, in its discretion, accept a claim of law office

failure as satisfying the reasonable excuse requirement *(see,* CPLR 2005; *Searing v Anand,* 127 AD2d 582; *Alternative Automotive v Mowbray,* 101 AD2d 715). However, in this case, the motion of the defendant Pergament Distributors, Inc. (hereinafter Pergament) to vacate the conditional order entered May 2, 1988, was supported by the affirmation of an attorney which merely asserted that its failure to oppose the plaintiffs' motion was occasioned by an unspecified and unexplained failure of Pergament's former law firm's calendar-answering service to obtain an adjournment of that motion. We discern no improvident exercise of discretion in the Supreme Court's rejection of this unsubstantiated excuse. Additionally, Pergament failed to establish a meritorious defense to the action. The absence of facts establishing a meritorious defense is fatal to a motion to vacate *(see, Stewart v Warren, supra).* In this case, Pergament submitted an affidavit of one of its officers which stated in general fashion that Pergament had no role in the design or manufacture of the lawnmower which produced the injury. However, this affidavit wholly failed to address the plaintiffs' breach of warranty claim. Inasmuch as Pergament failed to meet the requirements for vacatur of the order entered upon its default, the Supreme Court properly denied the motion to vacate. In this regard, Pergament's related claim that it timely complied with the terms of the conditional order is without merit. While Pergament initially indicated that it would furnish the requested discovery material and obtained an extension of time from the plaintiffs within which to do so, it merely sent a letter of counsel to the plaintiffs explaining that the material, first requested approximately 18 months earlier, had not yet been located and that an "exhaustive search" for it would be conducted. Pergament then waited almost one year after entry of the order granting conditional preclusion before moving to vacate it. Accordingly, it did not comply with the terms of the conditional order.

Pergament's contention that the Supreme Court erred in rejecting its attorney's affirmation and in granting the plaintiffs' motion for leave to enter a default judgment due to Pergament's noncompliance with court-ordered discovery is similarly unavailing. The record reveals that after Pergament failed to produce the requested material or to explain its nonproduction, the plaintiffs moved for leave to enter a default judgment. At the subsequent court conference, Pergament's counsel sought leave of the court to submit "a supplementary *affidavit*" (emphasis supplied) in opposition to the

motion. The court granted the application, observing in a subsequent decision that Pergament was instructed "to submit an affidavit reciting what has been done to find the material sought as discovery by plaintiff[s] and, if it does not exist, to submit an affidavit of a person with knowledge to that effect". However, Pergament merely submitted attorney affirmations stating that certain Pergament employees had been contacted but were unable to provide any information regarding the material sought. Accordingly, the Supreme Court, noting that "[Pergament] has again submitted attorneys' affirmations, which have no probative value and recites *[sic]* hearsay conversations with Pergament employees", granted the plaintiffs' motion in an order entered February 21, 1989. Contrary to Pergament's present claim, the transcript of the court conference and the text of the subsequent decision of the court unequivocally demonstrate that Pergament was required to submit *affidavit* evidence of someone with personal knowledge of the facts regarding its efforts to comply with the court's discovery orders. Inasmuch as it failed to do so, the Supreme Court acted properly in rejecting the affirmations submitted by its counsel and in granting the plaintiffs' motion.

Furthermore, Pergament's motion pursuant to CPLR 5015 to renew and vacate the order entered February 21, 1989, was also properly denied in the order entered May 17, 1989. While Pergament premised its motion on the existence of newly discovered evidence in the form of an affidavit of its senior vice-president and general manager, it failed to establish that this affidavit, executed by a person employed by Pergament for approximately 29 years, was previously unavailable or previously undiscoverable despite the exercise of due diligence *(see, Anchor Sav. Bank v Alpha Developers,* 143 AD2d 711; *Bulis v Di Lorenzo,* 142 AD2d 707; *Pezenik v Milano,* 137 AD2d 748). Moreover, Pergament again failed to demonstrate a reasonable and acceptable excuse for its failure to properly and timely respond to the plaintiffs' discovery demands and also failed to establish a meritorious defense to the action. Hence, the motion to renew and vacate was without basis.

Additionally, we concur in the plaintiffs' assessment that Pergament's continued noncompliance with court-ordered discovery constituted a pattern of dilatory and obstructive conduct *(see, e.g., Sawh v Bridges,* 120 AD2d 74; *Horowitz v Camp Cedarhurst & Town & Country Day School,* 119 AD2d 548; *Kramme v Town of Hempstead,* 100 AD2d 447).

We have considered Pergament's remaining contentions and

find them to be without merit. Bracken, J. P., Sullivan, O'Brien and Ritter, JJ., concur.