■ CAZER HOMES, INC., Respondent, v THOMAS J. RELYEA et al., Appellants, et al., Defendant.—Weiss, J. Appeal from an order of the Supreme Court (Doran, J.), entered September 11, 1989 in Schenectady County, which, in an action pursuant to RPAPL article 13, *inter alia*, denied a motion by defendants Thomas J. Relyea and Joyce L. Relyea to vacate a default judgment against them.

Process in this action to foreclose a mechanic's lien was duly served upon defendants Thomas J. Relyea and Joyce L. Relyea (hereinafter defendants) on December 27, 1988. In response, defendants' attorney wrote plaintiff's attorneys on December 30, 1988 outlining defendants' position and concluded the letter with, "I will withhold serving an Answer with Counterclaims * * * until such time as I hear from you in writing concerning your position. Please so advise." Plaintiff's attorney responded on January 30, 1989 outlining in full detail plaintiff's claims, suggesting that a settlement offer be made and concluding with, "If you feel that this can be settled, please advise or in the alternative please submit your answer." Not having heard from defendants' attorney nor received an answer to the complaint, plaintiff wrote again on February 23, 1989, "I shall expect the Answer in the [matter] within the next twenty (20) days or I will consider your client in default." On March 20, 1989, not having heard from defendants' attorney, plaintiff's attorney again wrote, enclosing copies of his previous letters, this time stating that the answer was long past due and that defendants were in default. On April 3, 1989, more than 90 days after service of the summons and complaint, the answer was received by plaintiff and, on the same day, returned to defendants' attorney as untimely. Plaintiff's April 18, 1989 motion for a default judgment was granted in a June 12, 1989 order. Defendants' attorney alleges that he was misdirected to send his opposing affidavit to Justice Robert Lynch instead of to Justice Robert Doran. On June 28, 1989, defense counsel wrote to Justice Doran offering an explanation for the mixup and requesting that defendants' opposition to plaintiff's motion for default judgment be considered. The motion was denied in a written decision holding that the opposing papers, which consisted of an attorney's affidavit, were insufficient to defeat the previous motion for entry of a default judgment. Defendants have appealed from the order which denied that motion and reaffirmed the default judgment. We affirm.

A motion to vacate a default judgment, in this case made orally at a conference with the Trial Judge, which is supported only by an affidavit of counsel who has no personal knowledge of the facts, falls short of providing the required evidentiary facts, in admissible form, which would establish that the defaulting party has a meritorious defense (see, James v Hoffman, 158 AD2d 398). A party seeking to vacate a default must demonstrate a reasonable excuse for delay in service of the answer and make a prima facie showing of legal merit

*(see, Perellie v Crimson's Rest.,* 108 AD2d 903; *Passalacqua v Banat,* 103 AD2d 769; *County Asphalt v North Rockland Underground Corp.,* 96 AD2d 570). In this case defendants did neither and Supreme Court properly refused to vacate the default judgment *(see, Brancoveanu v Brancoveanu,* 156 AD2d 410, *lv dismissed* 75 NY2d 946).

Order affirmed, with costs. Mahoney, P. J., Casey, Weiss, Mercure and Harvey, JJ., concur.