■ HOME AND CITY SAVINGS BANK, as Successor to CITY AND COUNTY SAVINGS BANK, Appellant, v ROBERT L. McMANUS JR. et al., Defendants, and VICTORIA L. McMANUS, Respondent.— Levine, J. Appeal from an order of the Supreme Court (Harris, J.), entered June 29, 1990 in Albany County, which granted defendant Victoria L. McManus' motion to vacate a default judgment entered against her.

This appeal arises out of a motion by defendant Victoria L. McManus (hereinafter defendant) to vacate a default judgment entered against her and defendant Robert L. McManus Jr. in November 1989. The underlying action was commenced by plaintiff on July 5, 1989 after defendant and Robert McManus had been in default on their mortgage payments for several months. Upon both defendants' failure to answer or otherwise appear in the action, plaintiff moved for and was awarded a default judgment which provided, inter alia, for the sale of the residence of defendant securing the mortgage. In May 1990, defendant moved to vacate the default alleging that

upon receipt of the summons and complaint, she sent a check made payable to plaintiff for $18,225.49, the amount set forth in the complaint as principal owed on the mortgage, to the office of plaintiff's counsel. In opposition, plaintiff claimed, *inter alia,* that the check was never received by its counsel. Supreme Court then granted the vacatur motion and this appeal by plaintiff followed.

We reverse. A party, such as defendant, seeking to vacate a default judgment pursuant to CPLR 5015 (a) (1) has the burden of demonstrating both a reasonable excuse for the default and a meritorious defense *(see, Eugene Di Lorenzo, Inc. v Dutton Lbr. Co.,* 67 NY2d 138, 141; *General Elec. Tech. Servs. Co. v Perez,* 156 AD2d 781, 783; *Levy v Blue Cross & Blue Shield,* 124 AD2d 900, 901). In the instant case, defendant failed to meet this burden. While she averred in her supporting affidavit that she tendered a check to plaintiff after being served with the summons and complaint, she admitted that in the months following the alleged tender, she noticed from her bank statements that the check had not been negotiated. Notwithstanding this knowledge, defendant stated that she "ignored the action of [plaintiff]" since she was not contacted by anyone. In our view, the above-described facts are insufficient to establish either an excuse for the default or the existence of a meritorious defense. We note that in defendant's brief on this appeal, her counsel explains the circumstances surrounding the default on the mortgage, including the fact that she and Robert McManus were living apart during the pertinent period, that he had agreed to be responsible for the mortgage payments and that the default notices and acceleration letter from plaintiff were sent to his new address. However, these facts were not contained in the affidavit of defendant and are not found elsewhere in the record. Under these circumstances, Supreme Court's grant of the vacatur motion was an improvident exercise of discretion *(see, General Elec. Tech. Servs. Co. v Perez, supra; Rondout Val. Publ. Co. v AM Intl.,* 93 AD2d 912, 913).

Order reversed, on the law, without costs, and motion denied. Casey, J. P., Mikoll, Levine, Mercure and Crew III, JJ., concur.