■ MARK COOPER et al., Respondents, v MOHAMED BADRUDDIN et al., Appellants. [597 NYS2d 206] —Appeal, by permission, from an order of the County Court of Rensselaer County (Ceresia, Jr., J.), entered April 27, 1992, which, *inter alia,* affirmed an order of the City Court of the City of Troy denying defendants' motion to vacate a default judgment entered against them.

Plaintiffs commenced this action against defendants in the City Court of the City of Troy. The case was referred to arbitration and, following a hearing at which only plaintiffs appeared, a default judgment was entered in their favor. City Court denied defendants' subsequent motion to vacate the default judgment. County Court affirmed the denial of that motion on appeal.

In our view, City Court did not abuse its discretion in denying defendants' motion to vacate the default judgment. To succeed on their motion defendants were required to demonstrate both a reasonable excuse for the default and a meritorious defense *(see, Home & City Sav. Bank v McManus,* 173 AD2d 1056). Even if it is accepted that defendants presented a valid excuse for their default, they failed to set forth facts sufficient to prove a meritorious defense. Initially, we note that they failed to submit an affidavit of merit *(cf., Brenner v Sweizer,* 111 AD2d 433). Indeed, with respect to the question of a meritorious defense, there are no affidavits from anyone with personal knowledge of the facts *(see, Wilcox v Parkland Dev. Corp.,* 157 AD2d 998, 999; *see also, Cazer Homes v Relyea,* 169 AD2d 862). Instead, defendants' counsel submitted his own affirmation incorporating by reference all of "the discovery proceedings to date". Although we have held that a verified answer may constitute a sufficient statement of merit *(see, Elgart v Raleigh Hotel Corp.,* 115 AD2d 165, 166), defendants' answer was not verified. In any event, the answer contains conflicting assertions and, as such, fails to constitute an adequate affidavit of merit *(cf., supra; see, Stewart v War-*

*ren,* 134 AD2d 585; *Matter of State of New York v Wiley,* 117 AD2d 856). Nor do we accept defendants' argument that the verified interrogatories constituted a sufficient statement of merits *(see, Terranova v Gallagher Truck Ctr.,* 121 AD2d 621). Defendants' remaining contentions have been considered and rejected for lack of merit.

Weiss, P. J., Levine, Mercure, Mahoney and Casey, JJ., concur. Ordered that the order is affirmed, with costs.