■ KYRIAKI KYRIACOPOULOS et al., Respondents, v MENDON LEASING CORP. et al., Appellants. [628 NYS2d 769] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Queens County (Durante, J.), dated May 31, 1994, which denied their motion to vacate a default judgment entered upon their failure to answer the complaint against them.

Ordered that the order is affirmed, with costs.

It is within the discretion of the trial court "in the interests of justice to excuse delay or default resulting from law office

failure" (CPLR 2005). Default may be excused upon a showing of a meritorious defense and a justifiable excuse *(see, Korea Exch. Bank v Attilio,* 186 AD2d 634; *Vieyra v Briggs & Stratton Corp.,* 166 AD2d 645).

In the case at bar, the allegation by the defendants' counsel that the law firm failed to answer the complaint "due to [its] large volume of active cases" does not constitute a justifiable excuse. The defendants' counsel failed to demonstrate any factual basis to support the conclusory allegation that her law firm was overwhelmed by the number of cases it handled *(see, Korea Exch. Bank v Attilio, supra; Vierya v Briggs v Stratton Corp., supra; Tandy Computer Leasing v Video X Home Lib.,* 124 AD2d 530). Moreover, the defendants' failure to seek leave to serve a late answer, even after being repeatedly informed by the plaintiffs' counsel that he intended to obtain a default judgment, as well as the failure to even respond to the motion for leave to enter a default judgment, is tantamount to intentional default and as such is inexcusable *(see, Perellie v Crimson's Rest.,* 108 AD2d 903).

Furthermore, we agree with the Supreme Court's conclusion that the affidavit of merit submitted by the defendants was insufficient to demonstrate a meritorious defense to the action *(see generally, Leogrande v Glass,* 106 AD2d 431, 432). Accordingly, the Supreme Court did not improvidently exercise its discretion in denying the defendants' motion to vacate the default judgment entered against them *(see, Torres v Houses "R" Us,* 182 AD2d 684). Sullivan, J. P., Pizzuto, Santucci and Goldstein, JJ., concur.