■ EDWARD J. KURIANSKY, as Special Prosecutor for Medicaid Fraud Control, Appellant, v LAWRENCE D. ORVIETO, Respondent. [653 NYS2d 953] —In an action, *inter alia,* pursuant to Social Services Law § 145-b to recover treble damages for Medicaid fraud, the plaintiff State of New York appeals (1) as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Westchester County (Cowhey, J.), entered February 5, 1996, as (a) granted that branch of the defendant's motion which was for a stay of all proceedings in this action pending the determination of his appeal in the underlying criminal case *People v Orvieto* (Westchester County, indictment No. 1556/92) and (b) denied that branch of its cross motion which was for leave to enter a default judgment against the defendant based on his failure to timely serve an answer; and (2) an order of the same court, entered May 16, 1996, which denied its motion to amend the order entered February 5, 1996, so as to require, as a condition of the stay of all proceedings in this

action, that the defendant perfect his appeal in the underlying criminal case by March 28, 1996, or by some other date certain.

Ordered that the order entered February 5, 1996, is reversed insofar as appealed from, on the law, that branch of the appellant's cross motion which was for leave to enter a default judgment is granted, that branch of the defendant's motion which was to stay all proceedings in this action is denied, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith; and it is further,

Ordered that the appeal from the order entered May 16, 1996, is dismissed as academic in light of the determination of the appeal from the order entered February 5, 1996; and it is further,

Ordered that the appellant is awarded one bill of costs.

This action to recover civil damages for Medicaid fraud was commenced after the Westchester County Grand Jury charged the defendant with grand larceny in the second degree and numerous other related criminal offenses arising out of his submission of false Medicaid claims for reimbursement. Before the defendant served an answer, this action was stayed pending completion of the criminal prosecution of the defendant. The defendant subsequently was convicted of a number of offenses, was sentenced to five years probation, and was directed to make restitution of $125,000, which sum has been paid. The plaintiff then notified the defendant that he was required to serve an answer in this action. After the time to answer had expired, the defendant moved to dismiss the complaint or, alternatively, to stay the action pending the determination of his appeal from the judgment of criminal conviction. The appellant State of New York cross-moved, *inter alia,* for leave to enter a default judgment based on the defendant's failure to timely serve an answer. We now reverse the order granting the defendant's application for a stay of the action and denying the State's request for leave to enter a default judgment.

It is well settled that a defendant who seeks relief from a prior default must demonstrate a reasonable excuse for the default and a meritorious defense to the action (*see generally, Town of E. Hampton v Rodriguez,* 222 AD2d 429; *Kyriacopoulos v Mendon Leasing Corp.,* 216 AD2d 532). The State correctly contends that, regardless of whether the defendant's explanation for his failure to answer the complaint in timely fashion is acceptable, its cross motion for leave to enter a default judgment should have been granted. Indeed, the State has demonstrated its right to recover, since the defendant's criminal conviction constitutes conclusive proof of the facts

establishing his violation of Social Services Law § 145-b (see, Grand, Inc. v City of New York, 32 NY2d 300, 304-305; Kuriansky v Professional Care, 158 AD2d 897, 900), and the defendant has failed to set forth a meritorious defense. The defendant's assertions that he will prevail on his criminal appeal or in a motion pursuant to CPL 440.10 to vacate his judgment of conviction are entirely speculative and are insufficient to demonstrate a meritorious defense.

We further note that the remedy of treble damages set forth in Social Services Law § 145-b does not violate the constitutional prohibition against double jeopardy (see, United States v Ursery, 518 US 267; Harvey-Cook v Miroff, 130 AD2d 621; Harvey-Cook v Steel, 124 AD2d 709). Miller, J. P., Sullivan, Florio and Luciano, JJ., concur.