■ JOSE ROSADO et al., Plaintiffs, v ECONOMY ELEVATOR Co., Defendant and Third-Party Plaintiff-Appellant, et al., Defendant. MAIMONIDES MEDICAL CENTER, Third-Party Defendant-Respondent. [654 NYS2d 656] —In an action, *inter alia,* to recover damages for personal injuries, etc., the defendant third-party plaintiff Economy Elevator Service of New York, Inc., s/h/a Economy Elevator Co., appeals from an order of the Supreme Court, Kings County (Dowd, J.), dated January 8, 1996, which denied its motion to vacate an order entered upon its default, which order granted the third-party defendant's motion for summary judgment dismissing the third-party complaint.

Ordered that the order is affirmed, with costs.

It is well established that a party seeking to be relieved of its default must establish both a reasonable excuse for the default and a meritorious cause of action or defense (*see,* CPLR 5015 [a] [1]; *Fennell v Mason,* 204 AD2d 599). It is within the discretion of the trial court in the interest of justice to excuse default resulting from law office failure (*see,* CPLR 2005; *Miles v Blue*

*Label Trucking Co.,* 232 AD2d 382). The court, under the circumstances of this case, did not improvidently exercise its discretion in rejecting the appellant's excuse of law office failure (*see, Correa v Ahn,* 205 AD2d 575). In any event, even if we found the excuse to be reasonable, the appellant's affidavit of merit was speculative and conclusory and, thus, insufficient to warrant vacatur of the appellant's default (*see, e.g., Wilcox v Parkland Dev. Corp.,* 157 AD2d 998). Rosenblatt, J. P., Pizzuto, Altman and Luciano, JJ., concur.