■ BONDED CONCRETE, INC., et al., Appellants, v COSIMO AUDINO, Doing Business as COSIMO'S PLAZA, et al., Respondents, et al., Defendants. (And Three Other Related Actions.) [663 NYS2d 916] —Peters, J. Appeal from that part of an order of the Supreme Court (Ceresia, Jr., J.), entered September 18, 1996 in Albany County, which denied a motion by defendant Daniel J. Estep Builders, Inc. to vacate a default judgment entered against it.

In November 1991, defendant Cosimo Audino contracted with defendant Daniel J. Estep Builders, Inc. (hereinafter Estep) for the construction and improvement of a shopping center owned by Audino located on Western Avenue in the City of Albany.

Estep, in turn, entered into a contract with plaintiff Bonded Concrete, Inc. and plaintiff Troy Sand & Gravel Company, Inc. for the delivery of ready mix concrete and sand and gravel to the construction site. In June 1992, Bonded and Troy Sand each filed mechanics' liens against the subject premises following Estep's failure to pay them for materials provided to the site. Estep meanwhile had become embroiled in a dispute with Audino over Audino's claimed interference with the performance of the work and failure to make timely construction payments.

As the situation worsened, additional mechanics' liens were filed by other contractors as well as by Estep. By the fall of 1992, various mechanic's lien foreclosure proceedings had been commenced, some of which named Estep as a defendant. These proceedings were eventually consolidated. Estep hired attorney Stephen Pechenik to handle the litigation who filed an answer on its behalf. In April 1994, however, Estep filed a chapter 7 petition in bankruptcy effectively staying the State court litigation. The bankruptcy trustee did not appoint special counsel for Estep and Pechenik did nothing during this time to prosecute Estep's claims or to defend it in the State court litigation. Various discovery demands and interrogatories had been served upon Estep by Audino in April 1994, but Estep did not respond to them even after Bankruptcy Court temporarily lifted the automatic stay in July 1994 for the purpose of allowing discovery to go forward in the State court litigation.

In December 1994, after the automatic stay was permanently lifted, Audino moved against various defendants,[1] including Estep, for, *inter alia*, an order of preclusion regarding Estep's noncompliance with discovery demands and summary judgment striking Estep's pleadings. Supreme Court granted that part of the motion relating to Estep following Estep's failure to oppose it. Thereafter, Estep retained new counsel and in May 1996 moved to vacate the default judgment previously entered. Audino, in turn, cross-moved to disqualify Estep's new attorney. Supreme Court, *inter alia*, denied Estep's motion and this appeal ensued.[2]

We affirm. It is well settled that the party seeking to vacate

1. Bonded and Troy Sand were among parties against whom Audino made the motion, but it was denied with respect to these parties.

2. The notice of appeal was filed by the law firm of Mandel Clemente & Associates, P. C. (hereinafter Mandel) on behalf of Bonded and Troy Sand. Mandel has been appointed as counsel for Estep and Audino cross-moved unsuccessfully for an order disqualifying them. Thus, while Mandel filed the brief on appeal on Estep's behalf, it is technically not a party to this appeal.

a default judgment has the burden of demonstrating a reasonable excuse for the default and a meritorious cause of action (*see, Ayres v Power*, 238 AD2d 753, 754; *Marine Midland Bank v Fanning*, 233 AD2d 600; *Home & City Sav. Bank v McManus*, 173 AD2d 1056, 1057). Such a motion is addressed to the trial court's discretion and its determination should not be disturbed where there is support for it in the record (*see, Glens Falls Natl. Bank & Trust Co. v Katz*, 118 AD2d 906, 907; *see also, Stow Mfg. Co. v F & K Supply*, 232 AD2d 958). Based upon our review of the record, we find support for Supreme Court's finding that Estep has failed to demonstrate a meritorious cause of action warranting vacatur of the default judgment.

While Estep contends that Audino failed to pay it all of the money due for work on the project and interrupted the progress of the work causing time delays and cost overruns, it has failed to substantiate this claim with documentation or other evidentiary proof. Indeed, Estep has failed to provide specific details regarding the particular interruptions and cost overruns at issue. It has neglected to provide a breakdown of the bill it sent to Audino in July 1992 for $82,850. It has likewise failed to itemize the retainage figure of $53,800 for which it also claims nonpayment. In sum, Estep's affidavits offer only conclusory assertions insufficient to warrant vacatur of the default judgment (*see, Fleet Fin. v Nielsen*, 234 AD2d 728, 729-730; *King v City of Watervliet*, 177 AD2d 775, 776, *appeal dismissed* 79 NY2d 915; *Fulton County Natl. Bank & Trust Co. v Fulton Automotive Corp.*, 114 AD2d 706, 707; *Weiner Furniture Co. v Dolphin Equip. Leasing Corp.*, 67 AD2d 755, 756).

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.