■ TODD GRINGER, Respondent, v MIDCOAST MORTGAGE CORPORATION, Appellant. [723 NYS2d 694] —In an action to recover commissions, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Oliver, J.), dated March 28, 2000, as granted the plaintiff's motion, in effect, to vacate an order of the same court, dated October 28, 1999, granting its motion pursuant to CPLR 3126 to dismiss the complaint upon the plaintiff's default in opposing the motion, and, upon vacatur, denied the motion to dismiss the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

A plaintiff seeking to vacate a default must demonstrate both a reasonable excuse for the default and a meritorious cause of action (*see,* CPLR 5015 [a] [1]; *Rosado v Economy El. Co.,* 236 AD2d 598). It is within the sound discretion of the Supreme Court to excuse a default resulting from law office failure (*see,* CPLR 2005; *Miles v Blue Label Trucking,* 232 AD2d 382). Here, the Supreme Court providently exercised its discretion in accepting the plaintiff's excuse of law office failure. Moreover, the plaintiff submitted evidence demonstrating the existence of a meritorious cause of action. Therefore, the Supreme Court properly granted the plaintiff's motion, in effect, to vacate a prior order, and, upon vacatur, denied the motion to dismiss the complaint (*see,* CPLR 3126). Bracken, P. J., S. Miller, McGinity and Schmidt, JJ., concur.