■ RICHARD C. CUPOLI, Respondent, v NATIONWIDE INSURANCE COMPANY, Appellant. (Appeal No. 1.) [724 NYS2d 382] —Appeal unanimously dismissed without costs. Same Memorandum as in *Cupoli v Nationwide Ins. Co.* (283 AD2d 961 [decided herewith]). (Appeal from Order of Supreme Court, Onondaga County, Major, J.—Default Judgment.) Present—Pigott, Jr., P. J., Pine, Wisner, Scudder and Burns, JJ.

■ RICHARD C. CUPOLI, Respondent, v NATIONWIDE INSURANCE COMPANY, Appellant. (Appeal No. 2.) [724 NYS2d 382] —Order and judgment unanimously affirmed with costs. Memorandum: Supreme Court properly denied defendant's motion to vacate the default judgment for lack of jurisdiction (*see*, CPLR 5015 [a] [4]) (appeal No. 2). "While there was conflicting hearing testimony regarding whether process was personally delivered to the defendant, it is well settled that the factual findings and credibility determinations of the hearing court are entitled to great deference on appeal and will not be disturbed unless they are against the weight of the credible evidence" (*Yasuda Bank & Trust Co. v Oree*, 233 AD2d 391; *see, Greenpoint Sav. Bank v Patel*, 267 AD2d 204, 204-205; *Matter of Reisz v Reisz*, 267 AD2d 462; *Citibank v Baronat*, 238 AD2d 369). Here, there is no basis to disturb the court's determination that defendant was properly served.

The court also properly denied defendant's motion to vacate the default judgment on the alternative ground of excusable default (*see*, CPLR 5015 [a] [1]). Even assuming that defendant presented a reasonable excuse for the default, we conclude that, "[i]n the absence of an affidavit by one with personal knowledge of the facts, defendant[ ] failed to establish a meritorious defense to the action" (*City of New York v Elghanayan*, 214 AD2d 329, *lv dismissed* 87 NY2d 968; *see, Bray v Luca*, 233 AD2d 284, 285; *Miles v Blue Label Trucking*, 232 AD2d 382, *lv dismissed* 89 NY2d 917; *Cooper v Badruddin*, 192 AD2d 997, 997-998). Although "[a] 'verified pleading' may be utilized as an affidavit whenever the latter is required" (CPLR 105 [u]), defendant's verified answer contains no evidentiary facts and thus "fails to constitute an adequate affidavit of merit" (*Cooper v Badruddin, supra*, at 997; *see, Bethlehem Steel Corp. v Solow,* 51 NY2d 870, 872; *Stewart v Warren,* 134 AD2d 585, 586).

Defendant's remaining contention, that the court erred in

ordering an inquest to determine damages, pertains to the order granting the default judgment (appeal No. 1). No appeal lies from that order (*see, Matter of Ozolins* [appeal No. 2], 65 AD2d 958; CPLR 5511), and thus that contention is not properly before us. (Appeal from Order and Judgment of Supreme Court, Onondaga County, Major, J.—Vacate Judgment.) Present—Pigott, Jr., P. J., Pine, Wisner, Scudder and Burns, JJ.