■ 599 RALPH AVENUE DEVELOPMENT, LLC, Respondent, v 799 STERLING INC., Appellant. [825 NYS2d 129]—

In an action, inter alia, for a judgment declaring the plaintiff to be the owner of certain real property, the defendant appeals from a judgment of the Supreme Court, Kings County (Rosenberg, J.), dated December 19, 2005, which, upon an order of the same court dated July 8, 2005, granting the plaintiff's motion for leave to enter a judgment upon the defendant's failure to appear or answer and denying the defendant's cross motion to compel the plaintiff to accept its verified answer, is in favor of the plaintiff and against it.

Ordered that the judgment is affirmed, with costs.

The Supreme Court properly granted the plaintiff's motion for leave to enter judgment against the defendant upon the plaintiff's submissions of proof of service of the summons and complaint, a factually-detailed verified complaint, and an affirmation from its attorney regarding the defendant's default in appearing and answering (see CPLR 3215 [f]; Giovanelli v Rivera, 23 AD3d 616 [2005]). The defendant's contention that it was not properly served pursuant to CPLR 311 (a) (1) was not raised in opposition to the plaintiff's motion and therefore, may not be considered for the first time on appeal (see Matter of Lewin v Lewin, 124 AD2d 730, 731 [1986]).

The Supreme Court providently exercised its discretion in denying the defendant's cross motion to compel the plaintiff to accept its answer since the defendant failed to proffer a reasonable excuse for its default and a potentially meritorious defense (see CPLR 3012 [d]; Elite Limousine Plus v Allcity Ins. Co., 266 AD2d 259 [1999]; Gurreri v Village of Briarcliff Manor, 249 AD2d 508 [1998]). Contrary to the defendant's contention, the answer was due more than one month before the date it was actually served (see CPLR 320 [a]). Furthermore, the defendant's verified answer failed to assert any facts sufficient to establish the existence of a potentially meritorious defense (see McCaskill v City of New York, 192 AD2d 647 [1993]; Vierya v Briggs & Stratton Corp., 166 AD2d 645, 646 [1990]; Stewart v Warren, 134 AD2d 585 [1987]). Miller, J.P., Santucci, Goldstein, Skelos and Lunn, JJ., concur.