■ WASHINGTON MUTUAL BANK, Formerly Known as WASHINGTON MUTUAL BANK, FA., Respondent, v GEORGE FISETTE, Appellant, et al., Defendant. [887 NYS2d 728]—

Kane, J. Appeal from an order of the Supreme Court (Platkin, J.), entered June 18, 2008 in Albany County, which denied defendant George Fisette's motion to vacate the judgment of foreclosure and sale of his real property.

Plaintiff holds a note secured by a mortgage on property owned by defendant George Fisette (hereinafter defendant). After defendant defaulted on the note, plaintiff commenced this foreclosure action. Defendant's pro se answer denied information sufficient to respond to any of plaintiff's allegations, and raised counterclaims. Plaintiff moved for summary judgment, to strike defendant's answer and to appoint a referee to compute the amount owed to plaintiff. Supreme Court (Hard, J.) granted plaintiff's motion, struck defendant's answer and appointed a referee. The referee then prepared a report that determined that defendant owed plaintiff $529,070.49. Plaintiff moved to confirm the report and for a judgment of foreclosure and sale. Defendant did not respond to that motion. In December 2007, Supreme Court granted the motion, confirmed the referee's report and entered a judgment of foreclosure and sale. Defendant then moved to vacate that judgment, contending that he had no notice or opportunity to contest the referee's report. Supreme Court (Platkin, J.) denied that motion. Defendant appeals.

Supreme Court properly denied defendant's motion to vacate the December 2007 judgment. That judgment was granted on default after defendant failed to respond to plaintiff's motion. As the party seeking to vacate a default judgment, defendant bore the burden of demonstrating a reasonable excuse for his default and a meritorious defense to the action (see *Action Lawn & Landscaping v East Glenville Fire Dist.*, 254 AD2d 585, 587 [1998]; *Bonded Concrete v Audino*, 244 AD2d 647, 648-649 [1997]). Here, plaintiff served defendant with its motion papers,

including a copy of the referee's report.* Plaintiff presented the court with an affidavit of service, giving rise to a presumption of service (*see Mortgage Elec. Registration Sys., Inc. v Schuh*, 48 AD3d 838, 841 [2008], *appeal dismissed* 10 NY3d 951 [2008]). Defendant never denied receiving the motion papers nor offered an excuse for his failure to respond to the motion. As to the merits, while defendant argues that he was deprived of an opportunity to contest the referee's figures and that the report contained errors, he failed to submit his own calculations or detail how the referee erred. Because defendant did not demonstrate a reasonable excuse for his default nor a meritorious defense, the court did not abuse its discretion in refusing to vacate the default judgment (*see Bonded Concrete v Audino*, 244 AD2d at 649).

Peters, J.P., Spain, Rose and Stein, JJ., concur. Ordered that the order is affirmed, with costs.

---

* Defendant contends that Supreme Court erred in granting that part of plaintiff's first motion which sought to have defendant's answer "deemed an appearance in waiver of foreclosure." While it is unclear whether the court actually granted that part of the motion, we need not address the point, as plaintiff did provide defendant with notice of its later motion which resulted in the December 2007 judgment.