[912 NYS2d 834]

A.M. MEDICAL SERVICES, P.C., as Assignee of Emily A. Mizheritskaya, Appellant, v LIBERTY MUTUAL INSURANCE CO., Respondent.

Supreme Court, Appellate Term, Second Department, October 5, 2010

APPEARANCES OF COUNSEL

*Law Office of Alden Banniettis*, Brooklyn (*Jeff Henle* of counsel), for appellant. *Carman, Callahan & Ingham, LLP*, Farmingdale (*Adeel Jamaluddin* of counsel), for respondent.

**OPINION OF THE COURT**

MEMORANDUM.

Ordered that the order is reversed without costs, defendant's motion to vacate the default judgment is denied, and the judgment is reinstated.

In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment in July 2003, which motion it subsequently withdrew. In May 2004, plaintiff made a second motion for summary judgment. When defendant failed to submit written opposition thereto, plaintiff's motion was granted on default and, in September 2007, a default judgment in the sum of $15,457.33 was entered against defendant. In March 2009, defendant moved, inter alia, to vacate the default judgment pursuant to CPLR 5015 (a) (3). Defendant argued that the default judgment had been obtained through plaintiff's fraud, misrepresentation or misconduct since the claim forms plaintiff had annexed to its motions contained handwritten notations which were not on the original claim forms included with the complaint and provided to defendant, and the motions were supported by affidavits containing false statements. By order entered April 24, 2009, the Civil Court granted defendant's motion, finding that defendant was deprived of the opportunity to timely oppose plaintiff's motion for summary judgment since plaintiff had failed to provide defendant with a courtesy copy of its motion, which the court found to be "tantamount to fraud." The instant appeal by plaintiff ensued.

CPLR 5015 (a) (3) provides that a judgment may be vacated on the ground of "fraud, misrepresentation, or other misconduct of an adverse party." When a defendant's CPLR 5015 (a) (3) motion alleges intrinsic fraud—i.e., that the plaintiff's allegations are false—the defendant must also provide a reasonable excuse for its default (*see Bank of N.Y. v Stradford*, 55 AD3d 765 [2008]; *Bank of N.Y. v Lagakos*, 27 AD3d 678 [2006]).

In support of its motion, defendant argued that plaintiff had submitted affidavits which contained false statements and that plaintiff had annexed to its motion papers false documentation. Defendant was, thus, alleging that plaintiff had obtained the default judgment through "intrinsic fraud" (*Bank of N.Y. v Lagakos*, 27 AD3d at 679). Consequently, defendant was required to show a reasonable excuse for its default (*see Bank of N.Y. v Stradford*, 55 AD3d at 765-766), which defendant failed to do. The affirmation of defendant's attorney did not show that counsel had personal knowledge of any facts pertaining to the alleged law office failure and, therefore, the affirmation was insufficient to establish an excuse for the default (*see Incorporated Vil. of Hempstead v Jablonsky*, 283 AD2d 553, 554 [2001]). Further, since defendant's attorney's "supplemental" affirmation was, in fact, a reply affirmation, the factual allegations asserted for the first time therein must be disregarded (*see McNair v Lee*, 24 AD3d 159 [2005]; *Juseinoski v Board of Educ. of City of N.Y.*, 15 AD3d 353, 355 [2005]).

In view of the foregoing, we find that the Civil Court improvidently exercised its discretion in granting defendant's motion. Accordingly, the order is reversed, defendant's motion to vacate the default judgment is denied and the judgment is reinstated.

GOLIA, J. (dissenting and voting to affirm the order in the following memorandum). In my opinion, defendant's default was excusable as the result of law office failure. The recognized and viable excuse of law office failure, in conjunction with the meritorious defense of intrinsic fraud committed by plaintiff, constitutes sufficient grounds to have the default judgment vacated.

It is well settled in New York that a defendant seeking to vacate a default judgment must demonstrate a reasonable excuse for its default and a meritorious defense to the action (*see* CPLR 5015 [a] [1]; *see also Fidelity & Deposit Co. of Md. v Andersen & Co.*, 60 NY2d 693 [1983]; *Stewart v Warren*, 134 AD2d 585 [1987]). It is also settled law that, under CPLR 2005 and supporting case law, a court may, in its discretion, accept a claim of law office failure as satisfying the reasonable excuse requirement (*see* CPLR 2005; *Vierya v Briggs & Stratton Corp.*, 166 AD2d 645 [1990]; *Searing v Anand*, 127 AD2d 582 [1987]; *Alternative Automotive v Mowbray*, 101 AD2d 715 [1984]). Here, law office failure is established through the affirmations of defendant's attorneys.

Unlike the majority, I find that the affirmations submitted in support of defendant's motion to vacate the default judgment established sufficient knowledge of the facts asserted.

> "Personal knowledge is not presumed from a mere positive averment of the facts. A court should be shown how the deponent knew or could have known such facts and if there is no evidence from which the inference of personal knowledge can be drawn then it is presumed that such does not exist (1 Carmody-Wait 2d, NY Prac § 4:28, at 644)" (*Bova v Vinciguerra*, 139 AD2d 797, 798 [1988] [citation omitted]).

The affirmation of defendant's attorney, Adeel Jamaluddin, is prefaced by a statement of personal knowledge of the within matter. The affirmation of another of defendant's attorneys, Paul Barrett, detailed his employment with the firm responsible for the law office failure. These affirmations, in conjunction with the attorneys' obvious familiarity with the facts of the instant case, clearly establish the requisite personal knowledge demanded of an affirmation. Defendant's law firm inadvertently lost essential documents, i.e., plaintiff's 2003 motion papers for summary judgment, and subsequently miscalendared the December 2004 court date, all as a result of personnel turnover (at a minimum five different assigned counsels and one law assistant). As the foregoing clearly constitutes law office failure, defendant established a reasonable excuse for its default.

In addition to demonstrating an excusable default, defendant must also establish a meritorious defense. It is alleged from the documents submitted herein that plaintiff committed intrinsic fraud. Unlike extrinsic fraud, which is intended to induce a judgment as a result of the opposing party's default, intrinsic fraud is a more subtle concept based on a misrepresentation made to the court, in this case the alteration of documents (*see generally* 60A NY Jur 2d, Fraud and Deceit § 3; *Bank of N.Y. v Lagakos*, 27 AD3d 678 [2006]). The handwritten entries on the submitted documents herein could appear both to influence the court's attention and to direct it to matters that plaintiff deems important, as well as to disfavor other matters. Clearly, it is axiomatic that documents entered into the record should never be altered in any way, for any purpose. Such an alteration of submitted documents constitutes a meritorious defense of intrinsic fraud. Based on the foregoing, I would affirm the Civil Court's order.

PESCE, P.J., and RIOS, J., concur; GOLIA, J., dissents in a separate memorandum.